Wimer
v.
Brotherton.

### WIMER v. BROTHERTON.

Justices of the peace have no jurisdiction of actions on penal bonds, except constables' bonds, when the demand does not exceed ninety dollars.

Appeal from the Court of Common Pleas of St. Louis county.

*Bowlin & Woodruff for Appellant.*

The main question that arises in this case is, had the justice jurisdiction on this bond? We contend not. And did the court of common pleas err in refusing to dismiss for want of original jurisdiction? We contend it did. See session acts of 1840–1, creating the court; R. C. page 430, section 1; R. C. page 431, sec. 8; R. C. page 348.

*Gamble & Walker for Appellee.*

1. The appellee contends that the case is clearly within the jurisdiction of the justice of the peace. See article 1, sec. 2 and 3 of Statutes of Missouri, establishing justices' courts, and regulating proceedings therein. Rev. Stat. Mo. page 348; also, see 3d and 4th secion of the act concerning prison bounds. Rev. Stat. Mo. page 523; article 1, sec. 2 and 3, Statutes of Missouri.

*Opinion of the Court by Scott, Judge.*

The only question involved in this case is, whether an action can be maintained in a justice's court on a prison bounds bond, in the penalty of one hundred and forty dollars and ninety-six cents. It is not contended that the bond

in this case is such a one as is contemplated by the 3d section, 1st article of the act concerning justices' courts. That section permits an action to be brought in a justice's court on a bond or note for the payment of any sum of money not exceeding one hundred and fifty dollars. In an action on this bond breaches must be assigned in the declaration, and the sum actually recovered is determined by the nature of the breach. This consideration would show that it cannot be regarded as a bond for the payment of moneys. It is said that as the judgment on this bond must be for a sum clearly within the jurisdiction of a justice, (sec. 4, of the act concerning prison bounds,) his jurisdiction should be sustained. If this view prevailed, then justices would have jurisdiction in actions on all penal bonds when the sum to be recovered did not exceed ninety dollars. This section was not designed to place bonds of this character on a different footing from other penal bonds, but to give a rule for the determination of the amount to be recovered in suits on such bonds. The legislature by express enactment has given justices jurisdiction in actions on constables' bonds when the demand does not exceed ninety dollars. Sec. 23, article 7, of the act concerning justices' courts. This is a strong expression of the sense of the legislature against the exercise of jurisdiction in actions on other penal bonds: Expressio unius est exclusio alterius. This view is strengthened by the terms of the act organizing the court of common pleas for this county. Although that law gives the court jurisdiction in all actions founded on contract when the matter in controversy shall not exceed five hundred dollars, except actions on covenants, penal bonds, &c. It must have been the opinion of the legislature that justices had not jurisdiction in such actions when they denied it to a superior court, and expressly gave that court exclusive appellate jurisdiction from the judgments of justices in all civil cases. And it is not pretended that an appeal could not be taken from the justice's court in this case to the court of common pleas.

Judgment reversed.

SEPT'R TERM. 1841.

Winner v. Brotherton.

Justices of the peace have no jurisdiction of actions on penal bonds, except constables' bonds, when the demand does not exceed ninety dollars.