St. Louis, to the use of Yeatman and others vs. Fox and Green.

---

ST. LOUIS TO USE OF YEATMAN AND OTHERS, RESP'S. VS. FOX & GREEN, APPELLANTS.

1. The Law Commissioner of St. Louis has no jurisdiction in an action on a penal bond in the sum of two hundred dollars. In actions on such bonds, the judgment is always for the penalty, which determines the jurisdiction of the court.

## APPEAL from St. Louis Law Commissioner's Court.

### STATEMENT OF THE CASE.

This was an action brought by Jas. E. Yeatman, Edmund F. Pittman George R. Robinson & Co., against Thomas Fox and Thomas Green, upon a bond, executed by said Fox and Green to the city of St. Louis. The grounds alleged by the plaintiffs below in their petition, and upon which they seek to recover, are as follows: That Fox and Green executed their bond to the city of St. Louis on the 12th day of Nov. 1849, in the penal sum of $200; the consideration of which bond is, that said Fox had registered and taken out a license for a dray, marked 308, according to the provisions of ordinance No. 1696, relating to hackney coaches, wagon, drays, &c., approved July 22nd, 1846; and for the said Fox to well, truly and faithfully do and perform all and singular his duty as owner or keeper of said dray, agreeable to ordinances relating to said business, which now are or may be in force during the continuance of said license; and that after the execution and delivery of said bond to the city of St. Louis, by said Fox & Green, the said Fox was guilty of a breach of said condition, in this, that he did, on the 27th day of September, 1850, receive from Yeatman, Pittman & Co , four bales of hemp on his said dray to be delivered on board the steamboat Pride of the West; and that he so carelessly and negligently conducted himself that he lost the said four bales of hemp, whereby the same were lost to Yeatman, Pittman & Co.; and, therefore, they sued in the name of the city of St. Louis to their use. The defendants below, Fox and Green, demurred to the petition of the plaintiffs; first, because the court had no jurisdiction of the person of the defendants or subject of the action; second, because the bond sued on is beyond the jurisdiction of the court; third, that said petition does not state facts sufficient to constitute a cause of action; because said bond is not authorized by ordinance, is not approved by the register, nor is it such a bond as is required by law, and therefore said Yeatman & Co. cannot claim any thing from defendants, by virtue of said bond. The court below overruled the demurrer, and the defendants, Fox & Green excepted to the decision of the court. The

St. Louis, to the use of Yeatman and others vs. Fox and Green.

court gave judgment for the plaintiffs; motion was made to set aside judgment and grant a new trial, which was overruled, and an appeal taken to this court by the defendants.

## Hart, for appellant.

1. The bond sued on is largely beyond the jurisdiction of the Law Commissioner: See Acts 1850 and 51 page 241, sec. 3.

2. The bond sued on is not such a bond as is authorized by ordinance, and the said Yeatman, Pittman & Co. had no claim against the plaintiffs in error on said bond. See ordinance 1696; Rev. Ord. 1850 page 199 sec. 5.

3. The city of St. Louis had no authority, by ordinance, to take such a bond as is sued upon in this case; nor is there any power or authority given by ordinance to authorize any person out of the city of St. Louis, herself, to sue upon such a bond, for any grievance they may complain of.

The ordinance of the city provides what bond shall be executed to the city, by persons applying for license as a drayman, and that security shall be given to the approval of the register. The appellants contend that the bond sued on, is altogether a departure from the ordinance, does not appear to have been approved by the register, and is not such a bond as is warranted by law.

5. Yeatman, Pittman & Co. could not legally maintain an action on this bond in the name of the city to their use; the bond sued on being a different one to that required by ordinance. That part of section five that authorizes persons to sue in the name of the city upon such a bond as is required by ordinance will not apply in this case.

## Page, for respondents.

I. The only question raised by the bill of exceptions is, whether the Law Commissioner erred in overruling the demurrer of the defendants.

The demurrer was properly overruled, because

I. The cause was in the Commissioner's jurisdiction. The action was not *for* the penalty in the bond, but for damages resulting from a breach of contract, entered into by the defendants below. The amount claimed in the petition, $57 98, is clearly within the Law Commissioner's jurisdiction. See "act supplementary to an act concerning the Law Commissioner of St. Louis county," session acts of '50, '51, page 241, sec. 3.

The object of extending the Law Commissioner's jurisdiction was, to prevent the burdening the dockets of the higher courts with small claims. It is submitted, that the award of damages claimed in the petition, and not the penalty in the bond, fixes the jurisdiction of the court.

II. The action was properly brought in the name of the city of St. Louis to use of Yeatman & Co.

1. This course is expressly pointed out in the ordinance, and the action is brought "by the party injured" (the real party in interest) "in the name of the city:" Ordinance No. 1696, Rev. Ord. 1850, page 199, sec. 5.

2. The provision in the practice act was not intended to apply to cases, such as suits on penal bonds, when a course is pointed out by statute, but to remove difficulties arising from the common law rules of pleading; as, where the cause of action had been assigned, &c.: Practice act art. 3, sec. 1, and Judge Well's note.

III. The bond is authorised by ordinance—is such a one as is required by law, and is approved by the register within the meaning of the ordinance.

1. The bond refers to ordinance No. 1696—recites that the obligor has taken out a license agreeably to its provisions; and the condition is, that he shall "well, truly and faithfully do and perform all and singular his duties as owner or keeper of said dray, agreeably to ordi-

nances relating to his said business, &c." The conditions set out in the ordinance are not written out in the bond, but are referred to and made part of the obligor's agreement, as fully as if they were.

"That is certain which may be rendered certain, and an undertaking to perform the duties prescribed in a distinct contract, or in a law, or in any other known paper, prescribing those duties, is equivalent to an enumeration of these duties in the body of the contract itself:" U. S. vs. Mawrice et al., 2 Brock 96, C. J. Marshall's opinion, page 114.

The condition of the bond filed there, is the same, in legal effect, as if the words of the ordinance were written out in it. The obligors intended, in employing the words of the condition, to put themselves under the same obligation that it was designed, by the makers of the ordinance, to impose upon licensed draymen and their sureties, by a bond conditioned as required by the ordinance: 4 Monroe (Ky.) Rep. 447; 2 Hen. & Munf, R. 459.

2. The bond was taken by the officer of the city: an error of this kind (if it be an error) should not be allowed to effect the rights of the public.

3. As to the bond not being approved by the register. The objection here seems to be that his approval is not written on the bond. This the ordinance does not require. It says that the *security* must be approved by the register, but prescribes no way in which such approval must be shown. Here he allowed the bond to be filed, he issued a license upon it. This was surely an approval of the security, within the intent of the ordinance: Rev. Ord. 1850, page 199, sec. 5. At most, this is the merest clerical error, and cannot affect the rights of those intended to be secured by refusing the bond.

Scott, J., delivered the opinion of the court.

The only question in this cause is, whether the Law Commissioner has jurisdiction in an action on a penal bond in the sum of two hundred dollars. The law gives jurisdiction to that officer "in all actions founded upon contract, where the debt, or balance due or damages claimed, exclusive of interest, shall not exceed one hundred and fifty dollars. The opinion has generally prevailed in this State, that the penalty of a bond determines the jurisdiction of the court. In actions on such bonds, the judgment is always for the penalty. It never was supposed, that justices of the peace had jurisdiction on penal bonds, until the legislature authorized actions to be brought on constables' bonds, in their courts, on cases where the damages claimed did not exceed ninety dollars: Wimer vs. Brotherton, 7 Mo. Rep., 264. The other Judges concurring, the judgment is reversed.