## McDERMOTT vs. DOYLE.

1. In an action on a bond given in an action of detinue by the plaintiff in the latter action, it is no defence to the suit that the affidavit in the action of detinue varied in its description of the property from the description in the declaration.

2. The objection should have been made to the affidavit, in the original suit, and not having been made, will not be available in a suit on the bond.

3. The suit upon the bond for a failure to deliver the property, is a mere continuation of the original suit, and must be brought in the same court in which the original suit is brought.

4. It appearing from the record that in a cause in which the plaintiff had taken a non-suit, pleas filed by defendant had not been replied to, although the Circuit Court may have erred in causing the plaintiff to take his non-suit, the judgment will yet be affirmed.

## ERROR to St. Louis Court of Common Pleas.

GOODE, *for Plaintiff in error.*

The only question which is or can be raised upon the record in this cause, is, whether the bond sued upon be void *by the reason of the alleged defect in the affidavit to hold to bail,* in the original action against Samuel A Childs, and in which original action the said Samuel A. Childs was arrested and discharged from arrest upon the execution of the bond by him, together with the present defendant, John Doyle, as his security, and not whether he is discharged by the death of his principal. The plaintiff in error contends that the bond is not void for such reason.

1. That the defect in the affidavit in the original suit was a mere clerical error, which could not vitiate even in the original proceeding. Hughes vs. Sutton, 3 Maule & Selwyn, 178.

2. That in the original action of detinue, the defendant could take no advantage of this mistake in the affidavit.

3. That after the giving of the bond, it was too late for the defendant, even if the defect were a material one, which is denied, to take advantage of it. 1 East, 330, D'Argent vs. Vivant; 1 East, 81, Jones vs. Price; 1 B. & P. 132, Chapman vs. Snow; 8 T. R., 77, Desborough vs. Copinger; 1 M. & S., 230, Dalton vs. Barnes; 13 East, 272, Clark vs Baker; 5 B. Mon. 472, Johnson vs. Cooper; 1 Chitty R., 659, 660; 15 East, 159, Benfield vs. Maxwell; 2 Wils., 303, Hole vs. Finch; 6 Taunt., 185, Shawman vs. Whalley; 2 Bos. & Pul., 46, Donnelly vs. Dunn; 1 Ld. Raymond, 328, Burr vs. Atwood; Hardin's Ky. Rep., 203, Morton vs. Heralt.

4. That if too late for the defendant in the original action of detinue to take advantage of, it was too late for the bondsman to take advantage of it by motion to be made in the original action after the giving of the bond.

5. That it is too late, in an action upon the bond, for the surety to raise an objection of this nature: it is not only too late, but the objection is invalid now, as it was then.

6. That the bail, in a suit upon a bail bond, cannot take advantage of any defect in an affidavit to hold to bail, as a defence to an action upon his bail bond.

GEYER, *for Defendant in error.*

1. The record in this case shows that the plaintiff below proceeded to the trial before there was any issue to be tried. There were several affirmative pleas to each count unanswered when the jury was sworn—the jury was discharged and the case submitted to the court, there still being no replications, when, as the record has it, "came the parties, by their attorneys, and the plaintiff saith *he will not further prosecute his suit in this behalf,*" and the court thereupon rendered judgment for costs. Of this judgment, the plaintiff cannot complain, seeing he voluntarily entered a *nolle prosequi* in a case in which he could have no judgment in his favor.

2. The bond sued on, if given in evidence, which does not appear, was utterly void; it was obtained by duress, under color of a writ unlawfully issued by the clerk, there being no affidavit to warrant a capias, in the case in which it was issued. 2 Chit. Pl., 979; 2 Campbell, 270; 2 Taun., 399; 8 East, 328.

3. The motion was to set aside a non-suit, while it appears there was no non-suit in the case.

The judgment was rendered for costs, in consequence of the voluntary act of the plaintiff entering a *nolle prosequi.*

4. Whether the decision of the Court of Common Pleas was or was not correct is not very material, since the plaintiff was not prejudiced by it. He could not have maintained the action if the instruction had not been given, because the pleas of the defendant not having been replied to, no verdict could have availed; the judgment in the action of detinue would not sustain the action on the bond, that action abated by the death of Childs. It does not appear that there was any lawful administrator, or that he appeared to the action. The verdict is, that the then defendant, Darby, (not Childs) doth detain the slave, &c. The judgment is, that the plaintiff recover of the new defendant, Darby, the slave, Bob, or the value, &c. Doyle, the defendant, never undertook that Darby, who probably never saw the negro, would deliver him upon any contingency to the plaintiff.

5. The action could only be brought in the Circuit Court. 2 Saunders, 616; 8 T. R., 152; Tidd's Practice, 323; 9 John's. R., 80; 12 John's. R., 459.

McBRIDE, J., *delivered the opinion of the Court.*

This was an action of debt brought by McDermott in the Court of Common Pleas of St. Louis county, against John Doyle. The bond upon which the suit was instituted was given by Samuel A. Childs, and the defendant, Doyle, as his security, in an action of detinue brought by Mc-Dermott against Childs, in the Circuit Court of St. Louis county, and was conditioned according to the second section of the act concerning the action of detinue. R. C., 1835, p. 224. In the action of detinue, McDermott recovered judgment against Childs, who failed to deliver the property sued for, and this action is on that bond against Doyle, as the security.

The declaration contained several counts. The defendant pleaded several pleas thereto, when the plaintiff asked and obtained leave to amend his declaration by adding several additional counts, to which the defendant filed his pleas. No issue was taken on the pleas, but the parties went to trial, when the plaintiff took a non-suit with leave to move to set the same aside, which he did, but the court overruled his motion and he excepted.

The plaintiff was driven to take a non-suit, because of the following decision of the Court of Common Pleas :

"The court decides that the bond sued on in this case is void, because there is not any affidavit to authorize the suing out of the capias in the case in which it was issued."

The affidavit states "that Roger McDermott, plaintiff in the foregoing declaration, is the lawful owner of a negro boy slave named Austin, in said declaration embraced and described; that the defendant in the said declaration, Samuel A. Childs, unlawfully detains the said negro boy

slave from the said rightful owner; that the said slave is worth $600.

The declaration in the detinue suit of McDermott against Childs states that "Roger McDermott, plaintiff, complains of Samuel A. Childs, defendant, of a plea that he render unto him certain goods and chattels, to-wit: One negro boy slave, named Bob, about thirty five years of age, &c," and throughout charges the defendant with unjustly detaining from him the said slave Bob. The difference in the name of the slave as set out in the declaration and the one described in the affidavit, rendered the bond inoperative in the opinion of the Court of Common Pleas. The opinion of that court on this point, we are inclined to think was erroneous. If the affidavit was defective for the above cause, the principal in the bond should have taken advantage of it at the proper time, and having failed to do so it is questionable whether the sucurity can avail himself of any benefit therefrom, There is in judicial proceedings as well as in all other transactions of life, a proper time for action, and it frequently happens if that period is permitted to pass without the necessary steps being taken, all future action on the subject is precluded. If the defendant omitted to take advantage of the discrepancy in the name used in the declaration and affidavit at the proper time, he thereby waived his right and cannot afterwards do so, and we see no reason to place the security in a position more advantageous.

Admitting the Court erred on this point, the question is, can the plaintiff recover in this action? We apprehend not, and for two reasons: first, the pleas of the defendant remained unanswered at the time of the trial, and upon principle, operated as a bar to his recovery; and secondly, the bond was given in the Circuit Court, and suit should have been instituted on it in that court, unless the party suing was prevented from instituting his suit in that court.

The action on the bond, for a breach thereof, is virtually a continuance and part of the original detinue suit, and to permit the plaintiff to sue on the bond in the Court of Common Pleas, would be to permit him to divide his action, and prosecute one branch of it in the Circuit Court, and the other in the Common Pleas. On this point the authorities are very abundant. See Tidd, 323; 2 Black R. 838; 1 Burr, 642; 3 Ib. 1923; 13 John. R. 424; 6 Wend. R. 327.

For the foregoing reasons, the judgment of the court below ought to be affirmed.