MARCUS HENOCH, *et al.*, Appellants, *vs.* C. M. A. CHANEY, Respondent.

61  129
62a 478
.61    129
e96a ¹494

1. *Replevin bond given to deputy having no power to take it, when valid—Lack of word, "seal."*—The section of the statute (see Wagn. Stat., 815, § 20, and compare same with Gen. Stat., 1865, ch. 178, § 20) authorizing a justice of the peace, on becoming satisfied that process will not be executed for want of an officer, to deputize any suitable person for that purpose, does not refer to service of process in suits of replevin. But a replevin bond given to such deputy is nevertheless obligatory on the maker and sureties. And it is not rendered invalid for lack of the word "seal." (Wagn. Stat., 818, § 6.)

2. *Replevin—Appeal to Circuit Court—Suit on bond properly triable, when.*— Where suit in replevin is appealed from a justice of the peace to the Circuit Court, action on the bond is properly brought in the latter court. The justice would have no jurisdiction over such a suit. (Wimer vs. Brotherton, 7 Mo., 264.)

3. *Practice, civil—Statute of limitations—Demurrer.*—Where a petition on its face shows that the time, in which the suit may be brought, has elapsed, the defect may be reached by demurrer.

4. *Replevin bond—Limitation to actions on.*—An action on a replevin bond has ten years to run from the date when the cause of action accrues. (Martin vs. Knapp, 45 Mo., 48; Wagn. Stat., 917, § 9.)

## *Appeal from Pettis County Circuit Court.*

*B. G. Wilkerson,* for Appellants.

I. The statute authorized Brainard, as special constable, to take and approve the instrument sued on, and the sureties are liable thereon. (Wagn. Stat., 815, § 20; Gen. Stat., 1865, § 20, p. 702; R. C. 1855, § 20, p. 933.)

II. But if the statute did not authorize the appointment of the special constable, yet the sureties are liable nevertheless, their principal, Duckworth, having requested and procured the appointment of said special constable, and having obtained the benefits to the same extent as if the order of delivery had been executed by the regular constable. (Turner vs. Bellagram, 2 Cal., 520; McDermott vs. Isbell, 4 Cal. 113; 17 Cal., 434; Barnes vs. Webster, 16 Mo., 258.)

III. The instrument sued on is good and binding at common law. (Webster vs. Barnes, 16 Mo., 258; Grant vs. Brotherton, 7 Mo., 458.)

9—VOL. LXI.

IV. The period of limitation for the instrument sued on is ten and not five years. (Wagn. Stat., 917, § 9 ; Martin vs. Knapp, 45 Mo., 48.)

V. The defense of the statute of limitations could not properly be raised by demurrer in this case. (Smith vs. Dean, 19 Mo., 63 ; McNair vs. Lott, 25 Mo., 182 ; Boyce vs. Christy, 47 Mo., 70.)

VI. The fact that the instrument sued on is not sealed does not make it invalid. It is in the exact form required and proscribed by the statute. (Wagn. Stat., 818, § 6 ; U. S. vs. Linn, 15 Pet., 290.)

VII. The Circuit Court had jurisdiction of the subject of the action. (Wimer vs. Brotherton, 7 Mo., 264 ; St. Louis vs. Fox, 15 Mo., 71 ; Berghoff vs. Heckwolf, 26 Mo., 511 ; Hausard vs. Reed, 29 Mo., 472 ; Elliott vs. Black, 45 Mo., 372.)

*Crandall & Sinnett*, for Respondent.

I. The bond having been taken and approved by a special constable, in an action of claim and delivery of personal property, under chap. 179. Gen. Stat., 1865, is void. No such power is conferred by that chapter, nor by the statute (same chap., § 5). A justice can appoint a special constable only in actions enumerated in chapter 178, and then only to serve process.

II. This case is governed by the statute of five years (Wagn. Stat., 918, § 10), and the petition showing that this period has elapsed, the defense may be raised by demurrer. (Boyce vs. Christy, 47 Mo., 71 ; McNair vs. Lott, 25 Mo., 182.)

III. The bond was not sealed as the statute required, and therefore cannot be sued upon. To constitute a sealed instrument under our statute, a bond must be expressed on its face to be sealed. And the person executing it must affix a scrawl by way of seal. (Grimsley vs. Riley, 5 Mo., 580 ; Glasscock vs. Glasscock, 8 Mo., 577 ; State *ex rel.* vs. Thompson, 49 Mo., 188.)

IV. Pettis Circuit Court had no jurisdiction in this cause. An action for breach of the bond is virtually a continuation of the original suit, and must be brought in the same court in which the original suit was instituted. (McDermott vs.

Doyle, 11 Mo., 443; 13 Johns., 424; 6 Wend., 327; 2 Black, 838; 1 Burr., 642.)

SHERWOOD, Judge, delivered the opinion of the court.

Action on an instrument in the nature of a replevin bond taken in the sum of $120 by a special constable, in a suit before a justice of the peace. The defendant was one of the sureties on that instrument, and successfully demurred to the petition which assigned breaches thereof.

## I.

Section 20 of chapter178, Gen. Statutes, authorizes a justice of the peace, upon being satisfied that "any process authorized by this chapter" will not be executed for want of an officer to be had in time to execute the same, to empower any suitable person to execute such process by a return thereon, indorsed to the following effect: "At the request and risk of plaintiff, I authorize ———, to execute and return this writ." E. F., Justice of the Peace.

The above mentioned chapter refers alone to the service of ordinary process, and not to the claim and delivery of personal property, or to the method of procedure adopted in such cases, a subject which is exclusively treated of in the next chapter, i. e. chapter 179.

Chapters from 177 to 185, inclusive, have all been incorporated into chapter 82, 2 vol. Wagn. Stat., and the language of section 20, before referred to, remaining unchanged, the mistake might be very readily made, that the provisions of that section were applicable to the service of any process specified in the last cited chapter, which, as before intimated, embraces not only the service of process, and the method of that service in ordinary cases, but also process and the manner of its execution in suits for the recovery of personal property. And it is only by an examination of chapters 178 and 179 of the General Statutes, that the inapplicability of the section under consideration to proceedings for the recovery of personal property, is to be ascertained. The instrument in question, however, although possessing none of the attributes of validi-

ty as a statutory one, yet inasmuch as it is not in contravention of public policy, nor violative of any statute, is still of obligatory force on the parties executing the same, notwithstanding it was taken by a person on whom no power was conferred by the indorsement of the writ. (Barnes vs. Webster, 16 Mo., 258, and cases cited.) Nor is it a matter of any importance that the instrument sued on is not in strictness a bond or specialty, in consequence of lacking the word seal. It is nevertheless a written contract, based upon an adequate consideration, and this is sufficient. In addition to that, it is the precise form prescribed by the statute, (Wagn. Stat., 818, § 6), and so far as mere form is concerned, would be open to the same objection if taken by an officer confessedly authorized.

## II.

No doubt is entertained that the Circuit Court had jurisdiction over the subject matter of this suit. The cases cited in McDermot vs. Doyle (11 Mo., 443), were cases involving the suing out of writs of *scire facias* on forfeited recognizances, which, as a matter of course, had to be issued from the court where the recognizance was entered into, and do not perhaps apply where a suit is brought on a bond. But, conceding the correctness of the ruling in McDermot vs. Doyle, this concession does not at all militate against the jurisdiction in the present instance, as the replevin suit was taken by appeal from the justice before whom instituted, to the Pettis Circuit Court, in which the default and failure of the plaintiff, whose surety is now sued, took place. So that according to the defendant's own authority, the Pettis Circuit Court was the only forum where suit could have been properly brought. Again, if the defendant's position be correct, that this suit should have been brought before the justice of the peace where the replevin suit was instituted, it involves this difficulty, that in that event the plaintiff would be without remedy, as the justice of the peace would have no jurisdiction in a suit of that character. (Wimer vs. Brotherton, 7 Mo., 264.)

### III.

When the petition upon its face shows that the time has elapsed in which suit may be brought, the defect may be reached by demurrer. (Boyce vs. Christy, 47 Mo., 70, and cases cited.) In the case at bar, over five years had intervened between the accruing of the right of action, and the institution of suit, and were the question an open one, we might not be able to yield assent to the idea that ten years instead of five, is the statutory bar applicable to the case before us. But regarding the point as settled in the case of Martin vs. Knapp (45 Mo., 48), the conclusion there reached will be adhered to.

The result is, that the judgment must be reversed and the cause remanded. The other judges concur.