———o———

James H. Norvell, Defendant in Error *vs.* William B. Porter, Plaintiff in Error.

1. *Garnishment—Return of officer—Attachment—" In hands" of defendant.*— The return of an officer on a summons of garnishment, that he summoned the garnishee * * to answer touching his indebtedness to defendant, is insufficient to give the court jurisdiction. The return should show that the officer had at-

| 62 | 309 | | 62 | 309 |
| 33a | 112 | | 144 | 339 |
| | | | 74a | 675 |
| 62 | 309 | | 62 | 309 |
| 40a | 594 | | 157 | 491 |
| 62 | 309 | | 157 | 493 |
| 45a | 36 | | | |
| 62 | 309 | | | |
| 108 | 601 | | | |
| 48a | 542 | | | |
| 48a | 640 | | | |
| 62 | 309 | | | |
| 113 | 468 | | | |
| 62 | 309 | | | |
| 119 | 126 | | | |
| 62 | 309 | | | |
| 58a | 94 | | | |
| 62 | 309 | | | |
| 128 | 21 | | | |
| 61a | 466 | | | |
| 62a | 402 | | | |
| 62 | 309 | | | |
| 67a | 183 | | | |

Norvell v. Porter.

tached the property or evidences of debt "in his hands." (Wagn. Stat., p. 186, § 23, subd. iv., and see also ibid, 666, § 13.) And for an omission so to state the garnishment may be quashed on *motion*. Pending such motion, however, the officer may amend his return in accordance with the facts.

2. *Practice, civil—Change of venue—Affidavit.*—In civil cases an application for change of venue, not verified by the oath of the party, should be overruled.

3. *Plea in abatement—Affidavit.*—An affidavit in plea in abatement sworn to by the attorney is sufficient.

4. *Plea in abatement—Answer over—Effect of.*—When a plea in abatement is stricken out and the defendant duly excepts, he may afterward plead to the merits without thereby losing the benefit of his exceptions.

*Error to Louisiana Court of Common Pleas.*

*W. C. McFarland,* for Plaintiff in Error.

*John Johnston,* for Defendant in Error, cited Huthsing vs. Maus, 36 Mo., 101; Wagn. Stat., 182, § 6; Ellis vs. Lamme, 42 Mo., 153.

SHERWOOD, Judge, delivered the opinion of the court.

Attachment suit; *ground, non-residence.* Writ as to defendant returned *non est,* and as to Wells, a garnishee, the return was as follows:

"Served the within writ in the township of Calumet, county of Pike and State of Missouri, on the 5th day of December, 1873, at 7 o'clock in the morning, by summoning James R. Wells, as garnishee, to appear before the judge of the Louisiana Court of Common Pleas, to answer at the May term, 1874, touching his indebtedness to W. B. Porter."

I.

The motion of the defendant, who appeared by attorney, to quash the writ should have prevailed. The return, while it showed, perhaps, a sufficiently subtantial compliance with subdivision II, § 23 (Wagn. Stat., 185), yet it does not conform to the requirements of subdivision IV of the same section, which commands the officer "when goods and chattels, money, and evidences of debt, are to be attached" and are not accessible, that "he shall declare to the person in possession thereof, that he attaches the same in his hands." Here the return of the sheriff did not show that he

had attached anything whatever in the garnishee's hands; consequently the court had acquired no jurisdiction over the money which the garnishee by his answer admitted to have in his possession belonging to the defendant.   This construction of the statute is an obvious one, if we are to give any meaning to the fourth subdivision of the section referred to. And this construction finds corroboration in § 13 of the chapter respecting garnishment, where it is provided, that the plaintiff may exhibit interrogatories "touching the property, effects and credits attached in the hands of the garnishee."

Now, manifestly, the only legitimate evidence of such attachment is to be found in the return to the writ.   Mr. Drake, in his work relative to such matters (§ 424), says; "It is held, that it is the officer's return upon the writ which perfects, if it does not constitute, the attachment: and though he may seize property, yet, unless he make a proper statement of it in writing on the writ, it cannot be deemed an attachment."   And the same learned author (§§ 452, 453) says; "Garnishment is in the nature of a proceeding *in rem* * * *; is an effectual attachment of the effects of the defendant in the garnishee's hands, differing in no essential respect from attachment by levy, "except, as is said, that the plaintiff does not require a clear and full lien upon the specific property in the garnishee's possession, but only such a lien as gives him the right to hold the garnishee personally liable for it or its value."   .

And the only conceivable object in summoning a garnishee, in whose hands property or effects have been attached, is to hold him to this personal liability in case he fail prior to final judgment to discharge himself in the mode provided by law.   (Wagn. Stat., p. 665, § 7.)

The above expressed views find confirmation also in Maulsby vs. Farr, (3 Mo., 439) where it was held, that, although the sheriff made return on the writ of attachment, that he had summoned the garnishee, yet as that return did not show in addition, that he had attached property in the hands of the garnishee, this was such a defect, as would at a subsequent

term authorize the setting aside of a judgment by default, taken against the garnishee. If the officer, charged with the service of a writ of attachment upon a defendant, should serve him personally with the writ, but should fail by his return to show that he had attached any property, it would be indisputable that the court would possess no power to do more than render a judgment which would have no force or validity, save that incident to one, the result of service of ordinary writ.

And from the above authorities as well as by parity of reasoning we must in the present instance deduce the before stated conclusion, that as the return did not show that anything was attached in the hands of the garnishee, therefore the court had acquired, as to him, no jurisdiction. It is not denied but that, pending the motion to quash, the sheriff might have amended his return in accordance with the facts so as to have shown jurisdiction in the court; but this was not done, and we only speak of the case made by the record.

## II.

The application for a change of venue was very properly overruled. It was not verified by the affidavit of the defendant. (Levin vs. Dille, 17 Mo., 64; Huthsing vs. Maus, 36 Mo., 101.)

## III.

There was error in striking out the defendant's plea in abatement. It was in usual form; and the affidavit of the attorney was sufficient verification. Section 35, of the Attachment Act, contains the provisions that except as otherwise specially provided "All pleadings and other proceedings in attachment causes shall conform to and be governed, as near as may be, by the law regulating the practice in courts of justice in civil cases." Under this provision it was clearly competent for the attorney to make the necessary affidavit, as it would certainly be in matters arising during the progress of any other civil case. It is contended, however, on behalf of plaintiff, that defendant has waived his plea in abatement by pleading to the merits, but we do not think so. It has in-

deed been ruled by this court, and since the Code came in force, that a party could not plead in abatement and bar of the writ at the same time, and that the latter plea supersedes the former (Cannon vs. McManus, 17 Mo., 345), and that this rule would prevail notwithstanding the results, attendant upon the success of the plea in abatement, have changed with the change in the statute. (Green vs. Craig, 47 Mo., 90.) But it will be observed in those cases, that both pleas were filed contemporaneously. Here the plea in abatement was stricken out and the defendant duly excepted; and after that he had the right to plead to the merits without losing the benefits of the exception already taken.

In the case cited for the plaintiff, that of Ellis, Adm'r, etc. vs. Lamme, (42 Mo., 153) the same view of the law, as now mentioned, would appear to have obtained, for there it is stated, that after the defendant's plea in abatement was disposed of, he took no exception, but answered, and the cause proceeded to trial on the merits.

## IV.

The answer of the defendant pleaded payment of the note sued on; but there was not a particle of evidence in support of this allegation adduced at the trial. It is, however, the strict legal right of the defendant to have the law administered as it is written.

For the errors commented on, the judgment should be reversed, and the cause remanded. Judge Vories absent; the other judges concur.