Huff v. Alsup, et. al.

————o————

WM. HUFF, Appellant, *vs.* M. S. ALSUP, *et al.*, Respondents.

1. *Justices of the peace—Execution—Private person not empowered to levy.*— Since the revision of 1865 (see Gen. Stat. 1865, ch. 178, p. 702, § 20), a justice of the peace cannot empower a private person to execute a final process. The "chapter" (ch. 178) referred to by § 20, treats only of ordinary process. The division into chapters in the last edition (Wagn. Stat. ch. 82) has not the force of legislative enactment.

*Appeal from Howell Circuit Court.*

*Monks & McCown*, for Appellant.

A constable empowered or deputized by a justice of the peace has only power to serve and return any process issued under article 1, Wagn. Stat. 812. (See p. 815, § 20.)

*A. H. Livingston, with B. P. Smith*, for Respondents.

A special constable has the legal power to execute an execution as well as any other process issued from a justice's court. (Wagn. Stat. 815, § 20 ; Jones vs. Hopper, 9 Mo. 173.)

SHERWOOD, Judge, delivered the opinion of the court.

Action for damages for wrongfully taking certain personal property. The defendants justified the taking under a writ of execution, and the only point requiring decision is, whether the writ, under the circumstances of the case at bar, constituted a valid defense to plaintiff's action.

The law as it stood in 1835 (Stat. 1835, p. 352, § 20) undoubtedly gave sanction to the issuance of a writ of execution to a private person, on the occurrence of certain contingencies, as section 20 of the act approved March 21, 1835, provides that : "Every justice issuing any process authorized by this act, upon being satisfied that such process will not be executed for want of an officer to be had in time to execute the same, may empower any suitable person, not being a party to the suit, to execute the same by an indorsement upon such process to the following effect: 'At the request and risk of the plaintiff, I authorize —— to execute and return this writ.

(E. F., Justice of the Peace)';
and the person so empowered shall thereupon possess all the authority of a constable in relation to the execution of such process," etc., etc.

This section remained unchanged by the revision of 1855 (R. C., vol. 2, p. 933, § 20); but in 1865 the word "act" was omitted and that of "chapter" substituted therefor. (Gen. Stat. 1865, p. 702, § 20.) The chapter thus referred to is chapter 178, which does not treat of nor embrace any other save ordinary process (Henoch vs. Chaney, 61 Mo. 129), the subject of final process being treated of in chapter 184 of the General Statutes. And this change has been entirely overlooked in the statutes now in use as chapters from 177 to 185, inclusive of the General Statutes, have all been incorporated into chapter 82 of Wagner's Statutes. So that the mistake might, without examination, be readily made, that a justice was still possessed, as formerly, of

power to authorize a private person to execute final process as well as that of an ordinary character ; which latter, as above seen, is the only process now authorized by section 20 *supra*.

This leads to the reversal of the judgment and the remanding of the cause.    The other judges concur.