HALEY v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

**Garnishment:** SERVICE ON RAILROAD COMPANIES. To make a valid garnishment of a railroad company under the proviso to section 2521, Revised Statutes 1879, the notice must be delivered to "the nearest station or freight agent" of the company, and the officer's return must so describe the person to whom it is delivered. A return describing him as the "nearest agent" is insufficient. See *Norvell v. Porter*, 62 Mo. 309.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

*G. W. Easley* for appellant.

*Henry Smith* and *W. H. Watts* for respondent.

NORTON, J.—John J. Haley began an action by attachment against Patrick Hubbard before a justice of the peace

in Kansas City. The constable executed the writ, and returned that Patrick Hubbard could not be found and that he garnished the appellant "by delivering a copy of the notice to D. W. Steal, nearest agent of the Hannibal & St. Joseph Railroad Company."

The garnishee answered, stating that at the time of the service of the garnishment on the 23rd day of July, 1879, it owed Hubbard $21.87 wages as laborer from June 1st to June 30th, 1879; that the agent on whom the notice of garnishment was served, sent the notice to the general attorney of appellant at Hannibal, who received the same on the morning of July 24th, 1879, and immediately telegraphed the treasurer of the company, who was then out on the road paying its employes wages for June, 1879, but before the receipt of said telegram, the treasurer paid said wages to Hubbard. The answer further showed that Hubbard quit the service of the defendant on or about the 1st day of July, 1879.

A judgment was rendered against the garnishee by the justice, and an appeal was taken to the circuit court. On the trial anew in the circuit court, the plaintiff admitted that the matters and things stated in the amended answer of the garnishee were true as therein stated, and the said amended answer was then read in evidence. The garnishee then admitted that at the time of the service of the notice of garnishment in this case, Patrick Hubbard was a nonresident of this State. On the trial in the circuit court, plaintiff obtained judgment, from which the defendant has appealed.

It is conceded by counsel for plaintiff that the appeal involves nothing more than a construction of sections 2521 and 2519 of Revised Statutes. Section 2521 is as follows: "Notice of garnishment shall be served on a corporation in writing by delivering such notice, or a copy thereof, to the president, secretary, treasurer, cashier or other chief or managing officer of such corporation; provided such notice may be served on railroad corporations by delivering the

8—80

same, or a copy thereof, to the nearest station or freight agent of such corporation in the county in which the cause of action is pending." When service is made under the above section on an agent of a railroad corporation, other than the president, secretary, treasurer, cashier or other chief or managing officer of such corporation, the agent served with the notice must not only be a station or freight agent, but he must be the nearest station or freight agent of the corporation in the county where the cause of action is pending. Testing the service in this case by the rule laid down in the above section it must be held to be insufficient, it not appearing on the return of the officer that the agent upon whom service was had, was either a station or freight agent. It is the notice of garnishment served as the statute provides that fixes the liability of the garnishee. R. S., § 2520. A garnishee, by voluntary appearance or waiver of notice, cannot give jurisdiction so as to affect third parties. "Garnishment rests wholly on judicial process and depends upon the due pursuit of the steps prescribed by law for its enforcement. It can borrow no aid from volunteered acts of the garnishee. Such acts will be regarded as void so far as they interfere with the rights of third parties." Drake on Attachment, § 451 b.

As the liability of a garnishee attaches only when notice of garnishment is served upon him as prescribed by law, and as the service of notice in this case does not comply with the requirement of the statute, the defendant was justified in paying to Hubbard, the defendant in the attachment proceeding, the wages due him.

It is unnecessary to enter upon the construction of section 2519, Revised Statutes, as the view above taken is decisive of the case, and necessarily leads to a reversal of the judgment.

Judgment reversed, all concurring.