FLETCHER, *Appellant*, v. WEAR, *Administrator of Donnelly, Garnishee.*

1.   **Garnishment**: SERVICE OF PROCESS.  A justice of the peace is not empowered to appoint any one to serve the extraordinary process of attachment by garnishment, and credits in the garnishee's hands cannot be legally attached by the use of such process.

2.   ——— : ———.  In the absence of a declaration of attachment by the sheriff or constable serving the writ, a garnishee can confer no jurisdiction upon a justice of the peace to make an order of delivery or of payment, which will bind the property or credits of the debtor in his hands, and when, at any time, such want of jurisdiction appears, the garnishee should be discharged.

3.   ——— : ——— : ESTOPPEL.  A garnishee may, by his negligence in pleading, or by consent, expressed or implied, invite or permit an order of delivery or payment which will be binding upon himself, while it fails to bind any one else, or any other's property.  But, an order binding on the garnishee alone would constitute no protection

against a second payment of the same credits by him, and courts should avoid this hardship by discharging the garnishee while they have control of the proceeding.

*Appeal from Jefferson Circuit Court.*—HON. L. F. DINNING, Judge.

AFFIRMED.

*W. H. H. Thomas* for appellant.

(1) A justice of the peace has authority to appoint a special deputy under section 2862, Revised Statutes 1879, to execute a writ of attachment. A writ of attachment is "process" authorized by article 3, chapter 44, Revised Statutes 1879, section 2849. Drake on Attachments, § 186; *Benton v. Wilkinson,* 18 Ver. 186. (2) The service of garnishment in this case was sufficient to give the justice jurisdiction to proceed to hear and determine the issues and render judgment. R. S. 1879, § 2520; *Quarles v. Porter,* 12 Mo. 49. (3) If, however, the execution of the writ of attachment by a special constable was irregular, the appearance before the justice on the return day of the writ, of plaintiff, defendant and the garnishee, and the trial of the case on its merits, in which all parties participated, cured the irregularity. Drake on Attachments, §§ 36, 112, 144, 114; *Smith v. Chapman,* 6 Porter (Ala.) 365; *Gould v. Meyer,* 36 Ala. 565, and cases cited; *Bank v. Titsworth,* 73 Ill. 591; *Smith v. Monks,* 55 Mo. 106; *Reppstein v. Ins. Co.,* 57 Mo. 86; *Henderson v. Droce,* 30 Mo. 358. (4) No written interrogatories to the garnishee are required before justices of the peace in garnishment proceedings. R. S. 1879, § 2543; *Laughlin v. January,* 59 Mo. 383.

*Williams & Green* for respondent.

In this case there was neither a return, showing anything attached in the garnishee's hands, nor any officer who could have served a notice of garnishment or made a re-

turn. The justice, therefore, plainly obtained no jurisdiction, and the case was, for that reason, properly dismissed by the circuit court. R. S. 1879, § 420, subdivisions 4 and 5, and §§ 2520, 2529; *Norvell v. Porter*, 62 Mo. 309; Drake on Attachment, (5 Ed.) §§ 451 b, 451 d, 452, 453.

MARTIN, C.—This suit was originally instituted before a justice of the peace by attachment. The writ of attachment was issued on the 10th day of February, 1880; and J. O. French, the justice before whom the suit was instituted, indorsed on said writ the following: " At the request and risk of the plaintiff, I authorize Chas. T. Rankin to execute and return this writ. J. O. French, Justice of the Peace." Said Rankin made the following return: " Executed this writ by delivering the same to Albert M. Baker, which he read in my presence on the 11th day of February, 1880, and by attaching the following goods and chattels of the defendant      *     *       and by delivering to Eugene J. Donnelly and William Blank, on the tenth day of February, A. D. 1880. That I did summon them, as garnishees, to appear before the within named justice, at his office, on the return day of this writ, to answer such interrogatories as may be put to them by said justice, and by reading to them this writ of attachment." And at the same time, said Rankin delivered to said Donnelly, a summons, as follows:

" Charles C. Fletcher, plaintiff, against Albert M. Baker, defendant.

" Before J. O. French, Justice of the Peace.

" The State of Missouri, to Eugene J. Donnelly and Wm. Blank, greeting:

" You are hereby summoned as garnishees, to appear before J. O. French, justice of the peace of Valle Township, in Jefferson County Missouri, at his office, in said township, on the 20th day of February, 1880, at 10 o'clock a. m., to answer such interrogatories as may be exhibited against you touching your indebtedness to the above

named defendant, Albert M. Baker, and your possession or control of money, property or effects, belonging to Albert M. Baker."

On February 20, 1880, French, on application of Baker, granted a change of venue to B. S. Reppy, justice of the peace. The papers were handed over to Reppy, and on the same day plaintiff and defendant appeared before the latter justice, and waived notice, etc. Defendant, Baker, filed his plea in abatement, denying the causes of attachment set up by plaintiff. A trial was thereupon had of the issue raised by that plea, and that issue was found by a jury, for the plaintiff, and judgment was thereupon rendered against defendant for $149. On the same day E. J. Donnelly appeared before said justice and made answer to interrogatories propounded to him, and stated that he owed defendant $114.39, and judgment was thereupon rendered against him as garnishee for that amount. Defendant, Baker, then, on the same day, filed before said justice, his motion asking the justice to allow him the amount due by Donnelly to him, as exempt from attachment. In this motion he states: "Now, at this day, comes defendant, and states that Eugene J. Donnelly is indebted to him in the sum of $113.64, and that said sum has been garnished at the instance and suit of the above named plaintiff, by virtue of the writ of attachment in this cause." The justice overruled this application, and defendant retired from the contest, and has not appealed. The garnishee, Donnelly, made no objection to any of the proceedings on the day of trial, but on March 1, 1880, eight days after the trial, and in absence of plaintiff, he filed his motion to set aside the judgment rendered against him on February 20, 1880, which he called a judgment by default, for the following reasons: "1st.—Because the justice had no jurisdiction of the person of said defendant in said cause, or of the subject-matter, and no power to render any judgment against defendant. 2nd.— Because said Donnelly was not, prior to rendition of said

judgment, or at any time, garnished in said cause, so that said judgment against him is void."

This motion was overruled and Donnelly appealed the case to the circuit court. When the case reached that court, Donnelly filed his motion to dismiss the cause of action, setting up substantially that a special constable could not execute a writ of attachment, and that Donnelly had not been properly summoned as garnishee, and that the credits of defendant, Baker, had not been attached in his hands, and that no written interrogatories had been filed before the justice. This motion was sustained by the court, and plaintiff duly excepted at the time. Plaintiff then filed his motion to have the judgment of the court dismissing his cause of action set aside, and to re-try the same, which was by the court overruled; to which action of the court, plaintiff at the time excepted, and brings the case to this court by appeal.

By section 2862, Article III, Chapter 44 of the Revised Statutes, a justice of the peace is empowered to appoint any suitable person, not a party to the suit, to execute any process " authorized by this article." R. S. 1879, § 2862. This may be done when he is satisfied that such process will not be executed for want of an officer to be had in time to execute the same. The appointment is to be evidenced by an indorsement to that effect on the process itself. It has been held that this section does not apply to suits of replevin, or to final process on execution, but only to ordinary process. *Henoch v. Chaney*, 61 Mo. 129; *Huff v. Alsup*, 64 Mo. 51. Process by attachment is not authorized by article 3, although in section 2849 it is alluded to as one of the forms in which actions may be instituted before justices of the peace. The authority for issuing the writ is not derived from this article, but from Article 2, Chap. 6, which prescribes the affidavit and writ, and method of service thereof as prevailing before justices of the peace. R. S. 1879, §§ 464 to 481. Article 3 of Chapter 44 prescribes only the form and method of service

of ordinary process by summons, and it is in connection with such process that the justice is empowered to appoint some suitable person to perform the duties of constable. The service of a writ of attachment by garnishment process is not provided for in Article 3 of Chapter 44, but is found elsewhere. R. S. 1879, §§ 420 to 481.

Under the decisions cited, I do not think the justice was empowered to appoint any one to serve the extraordinary process of attachment by garnishment. From this, it follows that there was no service of the process at all, and that the credit in the garnishee's hands was never legally attached by virtue of the process used by plaintiff. Notwithstanding this the garnishee stood up in court, as if legally garnished, and made answer to the interrogatories propounded to him, without objecting to the manifest want of jurisdiction in the court to go on in the proceeding. By thus not objecting until the case was being tried *de novo* in the circuit court was he estopped from making the objection there and before final judgment? This is the question for us to determine.

Attachment proceedings before justices are required to conform with proceedings in the circuit court as near as possible, unless otherwise ordered. R. S. 1879, § 481. Under the 2nd, 4th and 5th sub-divisions of section 420, relating to garnishees, it will be observed that two distinct steps are required to be taken by the officer in the service of garnishment. R. S, 1879, § 420. In respect to goods and chattels of the attachment debtor, he is required to seize them if accessible; "and if not accessible, he shall declare to the person in possession thereof, that he attaches the same in his hands, and summon such person as garnishee." In respect to credits of the defendant, he "shall declare to the debtor of the defendant, that he attaches in his hands all debts due from him to the defendant, or so much thereof as shall be sufficient to satisfy the debt and interest, or damages and cost, and summon such debtor as garnishee." The form of the summons is indi-

cated in the second sub-division of the same section. One of the steps in this process is a declaration of attachment of the property or credits of the attachment debtor in the possession of, or owing to him by the garnishee. The other is in the nature of an ordinary summons to the garnishee to come into court, at the next term, and make answer to interrogatories of the plaintiff relating to the property or credits attached. The proceeding is somewhat akin to a proceeding *in rem* the object of which is to effect, as it were, a sequestration of the property and credits of the attachment debtor, to the end that they may be ultimately applied towards satisfaction of the plaintiff's claim or demand by the order and final judgment of the court. R. S. 1879, §§ 2550, 2551.

The notice, or declaration of sequestration to the garnishee, takes the place of a manual seizure, which is impossible on account of the inaccessibility of the chattels, and the intangibility of the credits. It is this constructive seizure, which brings the *res* within the jurisdiction of the court, and thereby enables it to make binding orders in relation to it, which shall be obligatory on the owner of it, and furnish a protection to the possessor or custodian of it, as against the claim of the owner for it. Such property or credits do not belong to the garnishee. He is a mere possessor or custodian thereof for the owner, and on that account he is unable to confer upon the court any authority to dispose of them. That authority must come either from the owner's consent, or from the process provided by law, which enables the court to dispose of his property and credits without his consent. The garnishee cannot supply or waive the declaration of attachment, which constitutes the equitable sequestration of the property and credits of the attachment debtor. So far as the personal summons on the garnishee is concerned, I see no reason why he should not be at liberty to waive service thereof as in any ordinary process. Neither do I perceive why his appearance should not estop him as in any ordinary suit from denying service

of the summons. But neither express consent, or implied waiver from him, can be allowed to take the place of the constructive seizure of another person's property, which gives rise to an equitable lien upon it from the date thereof, against the will of the owner. It must be apparent that a waiver of such process cannot be placed upon the same footing with the waiver of service of ordinary process, which is directed only against the defendant and property which is exclusively his.

The garnishee in this case, in absence of a declaration of attachment by the sheriff or constable serving the writ, could confer no rightful jurisdiction upon the justice to make an order of delivery or of payment, which should bind the property or credits of the debtor in his hands. And no court entertaining the proceeding, would be justified in making such order, if, at any time during the progress of it, it became apparent that the necessary step which authorizes the rightful exercise of such jurisdiction was wanting. After the appeal from the justice and when the case came up for trial *de novo*, the manifest want of jurisdiction was brought to the attention of the court, and upon this showing the garnishee was very properly discharged. The ultimate object of the proceeding being to obtain an order of delivery, or payment binding upon the property or credits of the attachment debtor, it was properly dismissed as soon as it became apparent that no such order could be obtained. This conclusion is supported by the authorities in this State. *Malsby v. Farr*, 3 Mo. 430; *Southern Bank v. McDonald*, 46 Mo. 31; *Norvell v. Porter*, 62 Mo. 309; *Haley v. H. & St. J. R. R. Co.*, 80 Mo. 112; *Epstein v. Salorgne*, 6 Mo. App. 352.

In this connection, I may add that I do not pretend to controvert the doctrine asserted in many cases, that a garnishee may by his negligence in pleading, or by consent expressed or implied, invite or permit an order of delivery or payment, which shall be binding on himself, while it constitutes no protection against the claims of his creditor

in thus obeying it. Being personally before the court, he may well be estopped from denying the validity of an order, so far as he is concerned, which he has invited by his negligence or confession. An order or judgment, operating on the defendant in *personam*, may be binding on him, while it fails to bind any one else or any other one's property. *Gould v. Meyer*, 36 Ala. 565; *Nat. B'k v. Titsworth*, 73 Ill. 591; *Wellover v. Soule*, 30 Mich. 481; *Johnson v. Dexter*, 38 Mich. 695; *Curry v. Woodward*, 50 Ala. 258. But as the sole object of the proceeding in garnishment is to obtain an order binding on the property and credits of the attachment debtor, and not to collect the plaintiff's demand from the garnishee, who owes him nothing whatever, the misfortune of the proceeding resulting in an order or judgment binding on the garnishee alone, which will constitute no protection against a second payment of the same credits, ought to be avoided by the courts, if they can do so while they have control of the proceedings.

It was so avoided in this case, and the action of the court in this respect should be affirmed, and it is so ordered. All concur.