ABERNATHY *et al.*, *Appellants*, v. MOORE, *Public Administrator*.

1. **Justice's Court**: ATTACHMENT: DEATH OF DEFENDANT: PRACTICE. Where in an action of attachment before a justice of the peace the defendant dies pending suit, the justice should proceed in the cause to final judgment., after first bringing in the representative of the deceased. R. S., sec. 440. It is error in such case for the justice to certify the cause to the probate court.

2. **Attachment**: JURISDICTION OF PROBATE COURT. Probate courts have no jurisdiction to try actions of attachment, and no appearance of the parties can confer jurisdiction upon them.

3. **Jurisdiction**: WAIVER. Jurisdiction over the subject matter must come from the law, and not from consent of the parties, either express or implied, and an objection to it is not waived by pleading to the merits, but may be taken at any time before or after trial.

4. ———: ATTACHMENT: APPEAL. The circuit court can acquire no jurisdiction on appeal from the probate court in an action of attachment.

5. ———: ———. While circuit courts have original jurisdiction to try actions of attachment, it is a jurisdiction which cannot be exercised in the absence of a writ and seizure thereunder. It must come from the law ; the parties cannot confer it.

6. **Supreme Court**: JURISDICTION. The Supreme court acquires no jurisdiction on appeal from the circuit court where the latter had none.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

REVERSED.

*Scarritt & Scarritt* for appellants.

The record shows, in brief, a suit instituted; bond and affidavit in attachment filed; property of defendant seized by the proper officer, under writ of attachment, and in *custodia legis;* plea in abatement filed by defendant; issue upon plea in abatement submitted to court; twelve days thereafter defendant's death suggested. The question arises, what was the duty of the justice in the premises? The remedy by attachment is purely statutory. *Lackland v. Garesche* (56 Mo. 267), and chapter 6, Rev. Stat. of 1879, contains the law of our state upon the subject. This chapter is a complete law within itself. It is divided into two articles, comprising "Attachments in Courts of Record" and "Attachments before Justices of the Peace." The last section of the chapter (§ 481, p. 76) says "that the provisions of law governing attachments in courts of record shall apply to attachments before justices of the peace, so far as the same may not be inconsistent with the provisions which are specially applicable to the latter," and then goes on to except certain proceedings from the operation of this language, but does not except the proceeding contended for in this action. Section 440, page 70 (same chapter), provides that in a case like this, where defendant dies after levy of the writ and before judgment, the action "shall be proceeded on to final judgment and determination, in all respects and in like manner as if the defendant were living." And section 442 provides the manner in which the judgment on attachment, if one is obtained, shall be satisfied out of the attached property. (See also Rev. Stat., 1879, p. 19, §§ 121 and 122.) There is nothing in "attachments before justices of the peace," which conflicts with section 440, and hence we say the justice should have proceeded to render his decision upon the issues raised upon the plea in abatement, instead of sending a transcript of his docket to the probate court. By reference to Rev. Stat. 1879, § 1176, p. 209, our position

is made still stronger, as nothing therein appears by which jurisdiction is conferred upon a probate court to try attachment cases, and it is evidently the intention of the law that attachments shall not be dissolved by reason of the death of the defendant.

*Gates & Wallace* for respondent.

MARTIN, C.—This is a suit by attachment, and was commenced before a justice of Kaw township, Jackson county. In the affidavit setting forth the grounds of the attachment, T. B. Scruggs, the defendant therein, was charged with removing his property out of the state and with removing and concealing it with intent to hinder, delay, and defraud his creditors. It was also alleged that he was about to remove out of the state with the intent to change his domicile. He appeared to the action and by proper plea contested the grounds of the attachment. The justice heard evidence on the issues thus raised, and continued the cause from the 13th to the 15th of January, 1880. On the 22nd of January, 1880, the death of defendant was suggested to the justice, and thereupon an order was entered, that a transcript of the docket in the case, with all papers relating to the suit, be certified and returned to the probate court of Jackson county. This order was complied with, and the cause was tried in that court by jury, and judgment rendered in favor of the administrator having charge of the estate of the decedent. On appeal to the circuit court, another trial by jury resulted in a verdict for defendant, from which the plaintiff appeals.

I. The material and controlling question presented in this record relates to the action of the justice in sending the case to the probate court for trial instead of trying it himself. Section 440 in the attachment law provides that, in event of the death of defendant, the cause shall be proceeded in to final judgment and determination as if he was living, his representative being

first brought in. It is true that this provision, on its face, purports to relate only to suits in courts of record. But section 481 declares that "the provisions of law governing attachments in courts of record shall apply to attachments before justices of the peace, so far as the same may not be inconsistent with the provisions which are specially applicable to the latter." No provision specially applicable to attachments before justices of the peace appears to be inconsistent with the requirements of section 440 ; so that it would seem that justices of the peace were intended to be governed by it in like manner with courts of record. Thus stood the law prior to the revision of 1879. 1 Wag. Stat. pp. 190, 197. That revision contains these same provisions.

Now it is urged that section 2946 of the revision of 1879 operates as a modification of the pre-existing statutes, and requires the justice upon the death of a defendant, to certify the cause to the probate court for trial, instead of proceeding with it to final judgment as before. I have examined this section, and fail to recognize in it any application to suits by attachment. It purports to regulate the disposal of ordinary actions before justices—such demands as the probate court could dispose of, were they in the first instance, upon death of defendant, brought before that court.

The action by attachment rests upon special statutes, which must be consulted to ascertain the form and substance of the proceeding. The legislature having by special statutes defined and regulated suits by attachment both in courts of record and before justices of the peace, the force and effect of such statutes cannot reasonably be regarded as changed by provisions in the general law, such as sec. 2946, which relate to suits before justices, and omit all mention or reference to suits by attachment. In our opinion, the justice acted without authority of law, when he refused to entertain further jurisdiction of the case, and sent his transcript to the probate court. This conclusion is in accord with

the previous decisions of this court in disposing of kindred questions. *Honacher v. Chaney*, 61 Mo. 129 ; *Huff v. Alsup*, 64 Mo. 51 ; *Fletcher v. Wear*, 81 Mo. 524. The probate court has no jurisdiction to try actions of attachment. To approve the action of the justice in this case, we would have to hold that such jurisdiction had been conferred upon it by implication in the section referred to, which makes no mention of such actions. A conclusion leading to such a state of things cannot be supported by either principle or authority.

II. The probate court having no jurisdiction to entertain actions by attachment, no appearance of the parties there could confer such jurisdiction. Jurisdiction over the subject matter must come from the law, not from the consent of the parties either express or implied ; and an objection to it is not waived by pleading to the merits, but may be taken at any time before or after trial. *Brown v. Woody*, 64 Mo. 547; *Kleinsteuber v. Schumacher*, 35 Wis. 612 ; *Nazro v. Cragin*, 3 Dillon 474 ; *Mathie v. McIntosh*, 40 Wis. 120 ; *Wildman v. Rider*, 23 Con. 172. The probate court having no jurisdiction of the subject matter of the suit, none could be conferred upon the circuit court by virtue of an appeal from it.

But the relation occupied by the circuit court to this suit differs materially from that of the probate court. The demand sued on is a bill of exchange in the sum of $250, over which the circuit court has original jurisdiction. The action could have been instituted in the first instance in the circuit court. If the proceeding was an ordinary suit by summons alone, the way out of this tangle would be very apparent. For while the plaintiff appeared in that court in the first instance for the sole purpose of objecting to the jurisdiction of the court, yet when his motion to that effect was overruled, he participated in the trial, and thereby made a general appearance to the merits of the case, which operated as waiver of all objections to the jurisdiction of the court, in so far as such objections could be waived by the parties. *Schell*

*v. Leland*, 45 Mo. 289; *Dicks v. Hatch*, 10 Iowa 384; *Peters v. R. R.*, 59 Mo. 406; *Pry v. R. R.*, 73 Mo. 12×.

But the doctrine of waiver properly applies only to jurisdiction over the person of the litigant. Our action of attachment is a creation of the statutes. It has been classified by some with proceedings *in rem*, and by others with proceedings *in personam*. It must be accepted by us as furnished to us in the statutes. In analyzing its provisions I think it will be found possessed of a dual nature combining unmistakable features derived from both of such proceedings. It provides for a seizure of or levy upon property, and for a summons and service thereof upon the person of the debtor. If he is not found or does not appear in answer to the summons, the action may thereafter proceed with the effect of a suit *in rem*, after constructive notice to the debtor, provided there is a seizure or levy under the writ of attachment. In such case the proceeding *in personam* drops out of the case, the affidavit performs its office of an information against the *res*, and the judgment which follows does not affect anything which has not been seized by virtue of the writ. The same result follows in some states, when the debtor not having been personally served, appears only to try the issue raised by the affidavit and plea in abatement; his appearance to such issue not being regarded as an appearance to the summons. *Johnson v. Buell*, 26 Ill. 66; *Bonner v. Brown*, 10 La. An. 334; *Brackett v. Brackett*, 61 Mo. 221. Formerly otherwise in Missouri. *Whiting v. Budd*, 5 Mo. 443; *Evans v. King*, 7 Mo. 411.

If no property is found for seizure, levy or garnishment, the proceeding *in rem* drops out of the case, while the proceeding *in personam*, after service of summons or appearance thereto, may be conducted to a final judgment against the debtor, which will be leviable out of his estate like any other personal judgment. If both the debtor and his property are found, they are both brought within the jurisdiction of the court, and the dual action proceeds to final judgment which, if in favor of plaintiff,

will be binding on both.   By virtue of the judgment so
obtained the demand is leviable first out of the property
seized, and next out of the general estate of the debtor
for any deficiency.   The principal feature in which the
attachment part of the proceeding differs from a strict
proceeding *in rem* is, that the judgment obtained against
the *res* is conclusive only as against the party designated
as owner thereof, or his privies, and not against the
whole world.   This distinction is immaterial in its bear-
ing upon the actual jurisdiction of the court conferred
upon it by the statutes.

Now while the defendant can waive the preliminary
steps of that part of the proceeding which aims to sub-
ject him to a personal liability, he has no authority to
confer jurisdiction upon the court to entertain the other
element of the action.   The issue and service of the writ
of attachment can alone confer jurisdiction over the *res*,
or authorize it to try the issues exclusively binding upon
it.   Rev. Stat. 1879, secs. 402, 413, 415 ; *Hardin v. Lee*,
51 Mo. 241 ; *Freeman v. Thompson*, 53 Mo. 183 ; *Orear
v. Clough*, 52 Mo. 55 ; *Fletcher v. Wear*, 81 Mo.
524 ; *Cooper v. Reynolds*, 10 Wall. 308 ; Drake on
Attach., sec. 424 ; Waple's Proceedings *In Rem*, secs. 54,
42, 503, 589.   The fact that an affidavit should precede
the writ of seizure as held in *Bray v. McClury*, 55 Mo.
128, does not in any manner dispense with the jurisdic-
tional necessity of the writ and seizure.

In the present case the parties appeared in the circuit
court, and after objections to the jurisdiction of that
court were overruled, they went to trial on the issue
raised by the plea in abatement.   The personal summons
against the original defendant had been returned un-
served upon him and he made no appearance thereto,
thus leaving only the proceeding in attachment for trial.
Not being able to confer authority upon the court to try
such issue, its proceedings thereafter were null and void
for want of jurisdiction over the subject matter.   No

judgment was asked or given on the debt or demand for which the attachment was issued.

The conclusions reached by us upon the successive steps of this litigation may be recapitulated as follows: The justice had no authority to send the case to the probate court, his right to send cases to that tribunal not being extended to actions by attachment. The probate court acquired no jurisdiction by virtue of the action of the justice; and having no original jurisdiction to try actions of attachment no such jurisdiction was or could be conferred upon it by either express or implied consent of the parties appearing there. The circuit court acquired no jurisdiction in the case by appeal, because there was no appeal from the justice and no final judgment there. It acquired no jurisdiction from the probate court, because that court had no jurisdiction and an appeal therefrom could confer none. And, although having original jurisdiction to try actions of attachment, it is a jurisdiction which cannot be exercised in the absence of a writ and seizure thereunder. The parties are unable to confer, or supply the necessary steps of, such jurisdiction. It must come from the law and not from the parties. The Supreme Court has acquired no jurisdiction in this case because the circuit court had none, and an appeal therefrom could confer none. This court has no original jurisdiction of such cases and, therefore, the parties could confer none.

According to the views herein expressed, it follows that the judgments and proceedings in both the probate and circuit courts are null and void, and the unfinished suit is still pending before the justice, which the plaintiff is at liberty to prosecute to a final judgment. Thus after having conducted a voyage of discovery through nearly all the courts known to our system of judicature he returns to the port of his departure.

It only remains for us to reverse the judgment of the circuit court and direct that the papers be returned to the justice of the peace and it is so ordered. All concur.