G. H. WERRIES, Respondent, v. THE MISSOURI PACIFIC RAILROAD COMPANY, GARNISHEE OF RUPP, Appellant.

**Kansas City Court of Appeals, November 23, 1885.**

JURISDICTION—GARNISHMENT—SERVICE OF SUMMONS ON STATION AGENT. In the case of the garnishment of a railroad company, it must appear, if the service of summons is upon a station agent, that he was "the nearest station or freight agent of such corporation in the county." Rev. Stat., sect. 2521 ; *Haley v. R. R.*, 80 Mo. 112.

APPEAL from Moberly Court of Common Pleas, HON. G. H. BURCKHARTT, Judge.

*Reversed with directions to discharge garnishee.*

The facts are stated in the opinion.

W. A. MARTIN, for the appellant.

I.   The demurrer should have been sustained.   There was no evidence in the case on which to render judgment. *Callahan v. Warren*, 40 Mo. 131; *St. Vrain v. Levee*, 56 Mo. 590.

II.   The evidence does not show that defendant was indebted to Rupp.   The evidence offered was only hearsay.   *Christy v. Hood*, 7 Mo. 414; *Chouteau v. Searcy*, 8 Mo. 733; *Wood v. Hicks*, 36 Mo. 326; *Langsdorf v. Field*, 36 Mo. 440.

III.   Neither the justice nor the common pleas court had jurisdiction of this case.   There was never any such service as would bind Rupp; and the only way that the

court could get jurisdiction of the subject matter was by such service on the garnishee as the statute prescribes. The statute (sect. 2521, Rev. Stat.) requires notice of garnishment when served on the station agent of railroad companies to be the *nearest* station or freight agent in the county in which action is pending. The return here fails to show that the agent was the *nearest* agent, and it is doubtful whether it shows he was an agent in the county. *Haley v. H. & St. Jo. R. R.*, 80 Mo. 112.

PHILIPS, P. J.—This is a proceeding by attachment, instituted by respondent against William Rupp in a justice's court. The appellant, the Missouri Pacific Railroad Company, was sought to be summoned as garnishee. The return of the officer making service is as follows:

"Served the within summons on the within named Missouri Pacific Railway Company by delivering a true copy of it to William Barrowman, the resident station agent of said Missouri Pacific Railway Company, at the business office of said company, the president or other chief officer of said company not found in this county.

"JAS. T. WALLIS, *Constable.*"

Judgment by default was taken against the garnishee in the justice's court, and from that judgment the garnishee duly appealed to the common pleas court of Moberly. At the trial in the common pleas court the garnishee objected to the introduction of any evidence by the plaintiff, on the ground that the justice of the peace had not acquired jurisdiction over the person of the garnishee nor over the subject matter. This objection was overruled, and the court found the issues for plaintiff, and rendered judgment against the garnishee for the amount found in its hands owing to said Rupp. From this judgment the garnishee prosecutes this appeal.

It is quite clear that neither the common pleas court nor the justice of the peace had acquired jurisdiction to render judgment against the garnishee. The service of summons was bad. It does not appear that the station agent on whom service was had was "the nearest

station or freight agent of such corporation in the county." This is fatal. *Haley v. H. & St. Jo. R. R. Co.*, 80 Mo. 112.

The judgment of the common pleas court is reversed, and the cause remanded with directions to the common pleas court to discharge the garnishee. All concur.