MANGOLD v. DOOLEY; THE ST. LOUIS, IRON MOUNTAIN
& SOUTHERN RAILWAY COMPANY, *Garnishee,*
*Appellant.*

1.  **Justice of Peace**: GARNISHMENT: APPOINTMENT OF SPECIAL CON-STABLE.  A justice of the peace has no authority, under Revised Statutes, section 2862, to appoint a special constable to serve or execute a writ of garnishment.

2.  **Garnishment**: SERVICE ON RAILROAD COMPANIES: AMENDMENT. Notice of garnishment must be served on railroad companies by delivering the same or a copy thereof to the nearest station or freight agent of the company (R. S., sec. 2521), and the return of the officer must so describe the person to whom it is delivered ; but where the officer's return is defective in this respect, it may be amended, where the facts warrant it, and he has authority to serve the process.

3.  ————: EXEMPTION OF LAST MONTH'S WAGES.  A person cannot be charged as garnishee on account of wages due from him to a defendant in his employ for the last thirty days' service.  R. S., sec. 2519.

*Appeal from Butler Circuit Court.*—HON. R. P. OWEN,
Judge.

REVERSED.

*Geo. H. Benton* for appellant.

(1)   (a) The judgment is void on the face of the re-cord because the service of the summons does not con-form to the requirements of the law and the appearance

of appellant to the merits could not cure this defect. It should have been served on the nearest station agent. R. S., sec. 2521; *Haley v. Railroad*, 80 Mo. 112; *Norvel v. Porter*, 62 Mo. 309. (*b*) The service of the writ of garnishment is void, because no authority appears in the special constable to serve the same. R. S., sec. 2862. This section does not authorize the appointment of a special constable to serve writs of garnishment. *Henoch v. Chaney*, 61 Mo. 129; *Huff v. Alsop*, 64 Mo. 51; *Fletcher v. Wear*, 81 Mo. 524. (2) The judgment is for the plaintiff when it should have been for the garnishee. (*a*) The evidence showed that the amount due was for wages earned for the last thirty days of service by the defendant as a laborer, and the justice, therefore, had no jurisdiction of the subject-matter. The statute is imperative. No person shall be "charged as garnishee on account of wages due from him to a defendant in his employ for the last thirty days." R. S., sec. 2519; *Smith v. Meredith*, 48 Mo. 263; *Hodo v. Benecke*, 11 Mo. App. 593. (*b*) This suit should have been brought directly against the garnishee by plaintiff as the assignee of the debt due the defendant. A party should not be permitted to recover by the extraordinary process of garnishment a debt of which he proves himself the assignee. He cannot recover on a different cause of action than that alleged in his pleading. *Edens v. Railroad*, 72 Mo. 212; *Waldhier v. Railroad*, 71 Mo. 314; *Buffington v. Railroad*, 64 Mo. 246.

*L. D. Grove* for respondent.

RAY, J.—This action was commenced by attachment before a justice of the peace in Butler county, Missouri, in February, 1882, against John Dooley as defendant, and in which the St. Louis, Iron Mountain & Southern Railway Company was sought to be summoned as garnishee. On the return day of the sum-

mons, there being no service of the summons on
defendant, Dooley, the cause was continued to the
thirty-first of March to obtain service, by notices posted
up according to law.   This being done, on said day,.
judgment by default was given against defendant and.
garnishee.

In due time the garnishee, appearing before the jus-
tice specially for that purpose only, moved the court, to
set aside the judgment as to it and grant a new trial.
First, because the service in this cause as to it was in-
sufficient ; second, because the court had no jurisdiction
of the case, and third, because the verdict was against
the law and the evidence.   This motion being overruled,
the garnishee appealed to the circuit court, where the
garnishee, again appearing solely for that purpose, in
due form renewed its motion to dismiss the action for
the want of legal service of the notice of garnishment,
which, being overruled, the garnishee in due form saved
its exceptions to the action of the court in so doing, and
upon trial, *de novo*, in the circuit court, judgment be-
ing again given against the garnishee, it brings the case
here by appeal.

The service of the original writ of garnishment
against the appellant, garnishee, as shown by the re-
cord, was by a special constable and is as follows :

"I hereby certify that I served the within writ on
the garnishee therein by leaving a true copy of the
within writ to A. Skinner, as the station agent of the
St. Louis, Iron Mountain & Southern Railway Company
at Harviell, in Beaver Dam township, county of Butler
and state of Missouri, on the twenty-second day of
February, 1882.

"J. C. ROBERTS,<br>"Special Constable."

The record further shows that :   "To the interoga-
tories filed in the circuit court garnishee answered in

substance that defendant, Dooley, was an employe of appellant and that it did not owe him any money on account of wages due from garnishee to said defendant for more than the last thirty days' service as such employe previous to the service of said garnishment. The denial of the plaintiff admitted that defendant was an employe, but alleged that the garnishee was indebted to defendant in the sum of $13.80 at the time of the service of garnishment for wages due defendant as such employe and that said wages were not exempt from garnishment. Garnishee's reply consisted of a general denial.

The record shows that at the trial anew in the circuit court the plaintiff and the garnishee appeared; that a jury was waived and the cause submitted to the court; that no instructions were asked or given, and that there was evidence to the effect that at the date of the attempted garnishment the garnishee was indebted to the defendant, Dooley, in the sum of $13.80, as wages, for services as a laborer in the employ of garnishee; but it also appeared that this sum was for the last thirty days of service as such employe. Upon this state of facts the court found for the plaintiff in the sum of $13.80 and rendered judgment accordingly. In due time the garnishee filed the usual motions for new trial and in arrest, and the same being overruled, it, as before stated, appealed to this court. Upon this state of facts it is here insisted for the garnishee that, upon the face of the record, the judgment is erroneous and void:

1. Because, under section 2862 Revised Statutes, 1879, the justice had no authority to empower a special constable to serve or execute this writ of garnishment in question.

2. Because, if he had such authoritory, the service thereof, under section 2521, Revised Statutes, 1879, was insufficient to give the justice jurisdiction of the cause for the reason that it did not show, as required by said

Mangold v. Dooley.

section, that the service was on the nearest station agent of said garnishee.

3. Because it further appeared that the wages attempted to be attached were for the last thirty days' service of said employe, and under section 2519, Revised Statutes, 1879, the same were exempt from garnishment.

The first point, under repeated decisions of this court, is, we think, well taken. See *Fletcher v. Wear*, 81 Mo. 524, where several of the points, common alike to this case, are elaborately discussed, well considered and properly decided. See, also, the cases of *Henoch v. Chaney*, 61 Mo. 129, and *Huff v. Alsop*, 64 Mo. 51, where the point is expressly decided.

The second point, also, under the ruling in *Haley v. Railroad*, 80 Mo. 112, and *Norvell v. Porter*, 62 Mo. 309, is well taken.

The third point, under the ruling in *Davis v. Meredith*, 48 Mo. 263, is also well taken.

The record shows that the garnishee, at every stage of the proceedings, in both of the lower courts, made the points and saved its exceptions, and at the conclusion of the trial in the circuit court it also properly renewed its objections and is here pressing the same thing. As to the second point, the objection might be removed by an amendment of the officer's return, if the facts warranted it, and the officer in question had power and authority to serve the process in question. As to the first and third points, the defects are fatal and incurable, and for these reasons the judgment is reversed. All concur.