Chief Justice Robertson
delivered the Opinion of the Court;
Porter having obtained a verdict and judgment against Elliot, for six hundred dollars, for the conversion of one hundred and twenty-five barrels of salt—the latter now seeks a reversal on two grounds:
First. He insists that the Circuit Court erred, to his prejudice, in refusing to permit him to read a certified copy of the record of an action of detinue, in which Porter had previously obtained an alternative judgment against one Jacob Luce, for the same salt, or for its assessed value, of which judgment there had been no satisfaction.
The judgment in detinue merged all right of action, by the same plaintiff, against the same defendant, for the same cause of action; because the judgment was of higher dignity than the previous right to sue for the salt or for its value. In such a case, and in such sense only, the maxim, transit in rem maicatum, applies.
*300 But the judgment did not extinguish any cause of action which the same plaintiff may have had for either a trespass upon, or a detention; or conversion of the same property by another person; either at a different time, or in conjunction with the party first sued.
A cause of action ex contractu against several persons may not be extinguished by a judgment against one of them; nothing short of a release or actual satisfaction will have that effect when they were severally responsible. This is too well settled and understood to require support by argument or a citation of adjudged cases. The reason is even stronger in many cases ex delicto.
It is true that there is some diversity in the books respecting the legal effect of a judgment against one joint trespasser, on a subsequent suit by the same plaintiff against another joint trespasser, for the same wrong. Mr. Chitty has suggested that the judgment might bar the second suit, and refers to Cro. Ja. 74, and some other authorities in support of his text. And the Court of Appeals of Virginia, without much apparent consideration, seems to have concurred in that view of the law, in the case of Wilkes vs. Jackson, 2. H. & M. 355.
But, if this be intended as applicable to all actions ex delicto, there is much opposing authority, strongly enforced by reason and analogy. Among the many adjudged cases to this effect, we will refer only to the following: Livingston vs. Bishop, 1. Johnson's Rep. 289; Thomas vs. Rumsey, 6. Ib. 30; Campbell vs. Phelps, 1. Pickering, 62; Sheldon vs. Kibbe, 3. Connecticut Rep. 214; Hawkins vs. Hatton, 1. Nott & McCord, 318; Ewing vs. Ford, 1. Marshall’s Rep. 457; Morton’s case, Cro. Eliz. 30; Corbit vs. Barnes, Wm. Jones’ Rep. 377; Bird vs. Randall; 3. Burr. 1345; Hayden’s case, 11. Coke, 5; Sabin vs. Long, 1. Wilson, 30; Drake vs. Mitchell et al., 3. East’s Rep. 258.
And why should this not be the true doctrine? Is it doubted that, in trespass, a plaintiff may have several damages, and elect de melioribus damnis? And may he not, pari ratione, have several judgments in different actions, and make the same election? As the plaintiff *301 may undoubtedly sue any one of several joint trespassers, why should a judgment against one, (in an action of detinue, or assault and battery, for example,) extinguish his cause of action against another, when it is not doubted that in cases of contract, a judgment against one is no bar to a suit on the same contract against another jointly and severally bound?
Query—at what point of time, of upon what event; does the property—the subject of an action of trespass or trover, vest in the defendant in consequence of the judgment. Is it upon the rendition of the judgment; the issuing of the execution, or not till the judgment is satisfied.—But held that, as a judg’t in detinue does not vest the property recovered in the defendant, unless the alternate damages are satisfied, it is no bar to another action, by the same plaintiff, against another defendant, for a converson of the same property. Nor would it, it seems, bar another action of detinue, or of trespass, brought by the same plaintiff, against a different defendant, for the detention, asportation, or injury, of the same properly—especially, when the detention &c. were separate, independent injuries.
Brown vs. Wotton, reported in Yelverton, 67, and in Cro. Ja. 73, seems to be referred to as the leading and first case in favor of the doctrine we are combatting; and, in that case, the point, in support of which it has been referred to in some other cases, and by Mr. Chitty, was not necessarily determined, because, there had been not only a judgment, but also execution, against one of several who were jointly guilty; and besides, so far as the opinion, as rendered, should be deemed judicial, it is entitled to no influence, because the reason assigned for it was only that the demand rested in damages, and the judgment had reduced them to certainty, and therefore another suit could not be maintained for that which was. uncertain. That reason is not only inconclusive, but evidently suicidal; for, in many actions ex contractu, the plaintiff has a right only to unascertained damages; and yet, it is not doubted that a judgment against one for damages arising from a breach of contract, is no bar to a separate suit on the same contract, and for the same breach, against another party who was liable .jointly and severally with the first defendant.
It is a general rule, that wherever there are several concurrent remedies for the same cause of action, favor of the same person, against several different persons, judgment against one will not bar a suit against another. There must be satisfaction.
Whether an unsatisfied judgment, (for the value of the thing taken or converted,) obtained by the owner, *302 in ail action of trespass or trover, will per se bar a new suit against a different defendant for the same or a different asportation or conversion of the same property, is a question — so far as the value of the property is concerned — which would be affected by the proper answer to another; and that is, whether the mere judgment for damages, in such an action, would have the legal effect of transferring the title to the property for which the damages were adjudged. And this latter ‘question is not; we confess-, conclusively settled by authority.
A few old cases might be understood as assuming the true doctrine to be, that the title passes by operation of law, in consequence of the judgment for damages. Some more modern decisions, contra, require satisfaction, of the judgment, and others the issuing of an execution upon it, as necessary for making the initiate election, to take the assessed value in lien of the property itself, perfect and irrevocable; The maxim of the civil code was “Solutio pretii emptionis loco habetur”—the payment of the price stands in the place of a purchase, or has the effect of a purchase. And in Drake vs. Mitchell, supra, Lord Ellenborough said that, though a judgment will merge the particular cause of action for which it was obtained, it is only a security, and will not bar any collateral remedy, or operate as a legal transfer of title until there shall have been actual satisfaction. And this seems to have been the opinion of one of the most illustrious of American jurists, Chancellor Kent.
But, as the decision of this point is not necessary in this case, we will not discuss it, or express a difinitive opinion respecting it; for whatever may be the legal effect of a judgment in trover, a judgment in detinue, standing on ground altogether different, cannot bar a new suit either in detinue or trover for the same cause of action, against a different defendant on any such ground as a legal transferance of the title by the judgment which entitles the plaintiff to restitution of the property.
We can perceive no reason, and know of no author *303 ity, for deciding that, where several persons have been guilty, either jointly or severally, of detaining, the same thing from the same owner, a judgment in detinue against one of them, without satisfaction, should bar a suit against another of them, either for the detention or the conversion of the same thing. If, as we presume should not now be controverted, a judgment against one of several persons who were severally and jointly liable by contract, or for assault and battery, would not extinguish the same plaintiff’s legal cause of action against any one of the others whom he might, in the first instance, have sued, there can be no consistent reason for making a judgment in detinue a bar-to another action of detinue or trover against another-defendant for the same cause of action; or rather, for the detention or the conversion of the same property from the same owner. Why, in such a case, should a mere judgment against one, exonorate another? He cannot plead that the plaintiff has been satisfied; nor that his cause of action, once perfect against himself, had been extinguished by a judgment, without satisfaction, against another person. Nor could he, like the defendant in the judgment, object that the second suit was vexatious, as it was the. first and only one against himself.
Where a cause, of action is joint, only, a judg’t against one, may bar an action against another. But, as there maybe separata liabilities for a joint tort, an unsatisfied judg’t against one defendant, should not bar an action for the same cause against another. But there can be but one satisfaction for the same wrong; and one judg’t, being satisfied, will not only bar all other actions, for the same cause; but the plaintiff may be restrained from enforcing any other judgment he may have recovered for the same cause of action—at common law, by audita querela, and now by motion, or perhaps by bill in chancery with injunction.
When a cause of action is joint only, a judgment against one may bar an action against another- who was jointly liable with him; but the only efficient real son that could be assigned for such a doctrine, is that the one sued last might, if sued alone, plead the non-joinder of the other, and the latter, if associated with him in the action, might plead the separate judgment rendered against him for the same cause of action, even though it was irregular, and might have been prevented by pleading the nonjoinder. But a liability for a tort being several as well as joint, a mere unsatisfied judgment against one of several, for detention of property, *304 should not operate as a bar to a suit against another guilty of the same or a different detention of the same thing. The whole original cause of action, even when joint, is never extinguished, in such a case, until there has been satisfaction or release.
Interest disqualifies a witness— that is, a legal interest: no one who has a legal interest in the event of á suit can be a witness, however minute the interest may be; and if he believes and feels that he has a legal interest, the effect is the same, though he may be mistaken in supposing that he would be liable in law to lose or gain by the event. But mere solicitude arising from friendship for one of the parties, or a mere honorary obligation, or voluntary intention, of participating in the loss, in the event of failure, or a hope or expectation (unsupported by legal right,) of participating in the gain, in the event of success, will not render the witness incompetent. This kind of interest goes to his credibility only.
*304 But there can be but one satisfaction for the same wrong. When several judgments have been obtained on the same cause of action, the plaintiff must elect which he will enforce; and when he shall have once elected, perhaps he may be enjoined from proceeding on another. Certainly one satisfaction would be sufficient to enjoin him. In such a case, the audita querela was the appropriate and' usual common law remedy. And a motion, and perhaps a bill in chancery, might effect the same purpose now, and in this country, as well in pases ex delicto, as in those ex contractu.
According to the foregoing conclusion, the unsatisfied judgment against Luce, is no legal bar to this suit; and the more especially, as it neither appears, nor was even suggested, that the conversion here complained of, and the detention for which the judgment was rendered, were the same act of Luce and the present party; for if, as may be the case, the detention by the one, and the conversion by the other, were several and independent wrongs, there cannot be even as much reason for making the judgment for one injury a bar to a suit for the other, as there might be for. barring an action ex contractu against one person, by a judgment against another severally liable on the same contract.
Second. The plaintiff in error insists that the Circuit Court erred, in deciding that a witness who gave testimony against him, was not incompetent, on the ground of interest disclosed by himself.
It does not appear that the witness had any legal interest in the event of the suit. On his voir dire, he stated that he felt some interest in behalf of the plaintiff, because he had sold to him (the plaintiff) the salt for which this suit is prosecuted, and intended not to exact the whole price if the plaintiff should fail to. obtain a judgment, though he had made no agreement *305 to that effect, and was under no obligation to remit any portion of the stipulated price.
These facts — and there are no others — show that the witness was not incompetent in consequence of any legal interest. But, if he felt that he had a legal interest in the event of the suit, he was not competent, even though he was mistaken in his opinion as to what was a legal and disqualifying interest. When there is a legal and certain interest, however minute, in the event of a pending suit, the law, upon grounds of policy, presumes that it will incline the witness, thus interested, to swear as he would in his own case. And certainly if he feel, though erroneously, that he has such an interest, the reason of the interdiction applies with full force. But mere solicitude for the success of one of the parties, arising only from friendship, or from an honorary obligation, or voluntary intention to divide with him the burthen of a failure in his suit, or from an expectation of participating in the advantage of his success, will not affect the competency of a witness.
If, then, the witness in this case felt that his interest was legal, or, in other words, that he was under a legal obligation to remit any thing to the plaintiff in the event of his failing in this suit, he was incompetent: otherwise his feelings should have affected his credibility only.
Now, although he said that he felt some interest, nevertheless the grounds of that feeling, as explained by himself, show that his interest was not of the disqualifying kind; and therefore, nothing appearing to the contrary, we should presume that he did not feel or intend to be understood as suggesting that he had any legal interest in the event of the suit. And consequently, as, in a doubtful case, an objection to a witness should be applied to his credit, rather than his competency, it is the opinion of this Court, that the Circuit Judge did not err in admitting, as competent, the testimony which was objected to as incompetent on the ground of supposed legal interest.
*306 It seems to us, therefore, that neither of the objections which have been urged against the judgment, can be sustained.
Wherefore, it is considered that the judgment of the Circuit Court be affirmed.