SHARP
vs
GRAY.

DETINUE.

Case 2.

Sept. 3.

Case stated.

## Sharp *vs* Gray.

ERROR TO THE JEFFERSON CIRCUIT.

*Detinue.    Bar by former recovery.*

JUDGE MARSHALL delivered the opinion of the Court.

To an action of detinue, for a negro slave, George, brought in the common form, in the name of Sharp as Trustee vs Gray, the latter pleaded, in substance, that after he had bought the slave from one Stanly Singleton, who had purchased him at Sheriff's sale, under an execution against—— Douglas, under whom the plaintiff claimed, and while he, the defendant, had possession under his said purchase, the plaintiff and one Bridwell had brought a joint action of detinue against Singleton and recovered a judgment for the slave, or his value, and damages for detention, and exhibits the record and proceedings in that suit.    A demurrer to this plea was overruled, and a judgment in bar rendered against the plaintiff, who prosecutes this writ of error for its reversal.

In support of the judgment, it is contended that the plea discloses two grounds, either of which should defeat the action, inasmuch as it shows: 1st. That the title to the slave was joint in the plaintiff and another; and, 2d. That there had been a former recovery under that joint title against Singleton when the present defendant had the possession.    But we are of opinion that the plea does not present a bar to the action on either of these grounds.

As to the title, the matter of the plea affords at most only a ground of inference. There is no averment that any other person was, at the commencement of this suit, jointly interested with the plaintiff in the title which he asserts. And even if the judgment in the former action should be deemed, as between the present parties, admissible and conclusive evidence to prove that the title was once held jointly by the two plaintiffs in that action, its continuance in the same state at the commencement of the present action, would be but matter of inference or presumption, which, not being averred, could not be assumed upon the demurrer as baring the action. Conceding then without deciding that such a state of the title might be pleaded in bar in the action of detinue, (as may perhaps be inferred from the case of *Luke* vs *Marshall*, (5 *J. J. Mar.* 356,) we think the plea before us does not present such a bar. The plea does not even state that, in the former action, the plaintiffs sued as Trustees, and therefore lays but slight ground even for inferring that the former co-plaintiff was or is interested in the title now asserted. The former judgment is no estoppel as between these parties, and is not relied on as such in the plea.

The fact that the plea does not show explicitly that the former recovery was upon the same title, or rather in the same character, as the present action might also be urged as an objection to its sufficiency as a plea of former recovery, or as showing a bar by election of remedies.

But waiving this point, and giving to the plea the most liberal construction, we are disposed to regard it, as it has been regarded in argument, as presenting the question, whether if a plaintiff having a distinct cause of action in detinue for the same property against two persons standing to each other in the relation of vendor and vendee, sues the vendor and obtains a judgment against him, he is thereby, and without satisfaction of the judgment or any part of it, barred from afterwards pursuing his remedy against the other party. In support of the negative of this question, we have been referred to the case of *Foster* vs *Smoot*, (1 *A. K. Mar.* 394.) But there the second action was brought upon the first judgment, and between the same parties. The Court decided that the action of

SHARP
*vs*
GRAY.

A judgment in detinue against a vendor which is unsatisfied, is no bar to an action of detinue against the vendee of the defendant in the first judgment.

detinue could not be maintained upon a judgment in detinue. And that between the same parties a second action of detinue for the same detention was barred by the former recovery. We think the present plea derives no support from the points decided, or from the reasoning of the Court in that case. But in the case of *Elliott* vs *Porter*, (5 *Dana*, 299,) and the principles there decided, we find direct authority against the sufficiency of the plea.

A judgment in detinue without satisfaction does not, *ipso facto*, change the right of property from the plaintiff to the defendant.

The judgment in detinue without satisfaction, does not, *ipso facto*, change the property in the thing sued for. On the contrary it establishes the title of the plaintiff as against the defendant; and the alternative judgment for the value of the thing, is intended first as a means of enforcing its delivery, and secondly, as an indemnity to the plaintiff for its loss, should the remedy prove inefficacious in accomplishing its peculiar object—the restoration of the thing itself; and the sole reason given in the case of *Foster* vs *Smoot* against allowing a second action of detinue between the same parties for the same detention, is the all sufficient one which operates in other cases, that no one should be twice harrassed with suit for the same cause.

One having cause of action against two in detinue, does not by recovering judgment against one, lose his right of action against the other, until the first judgment is satisfied.

No such ground of policy or justice applies in the present case; and in the case of *Elliott* vs *Porter*, it is established, not only that a plaintiff in detinue does not lose his title by a judgment, but also that when having several causes of action in detinue against several for the same property, he sues one and obtains a judgment, his cause of action against another is not thereby merged so long as there is no satisfaction. On this general ground then, the plea in this case must be deemed insufficient. But further. While it shows that the plaintiffs in the first action could not have obtained the slave by means of the judgment rendered therein, and does not show that they could have obtained the alternate value or the damages, it fails to aver that they knew that they had any cause of action against the present defendant, or that they knew where the slave was, or that he had been sold by Singleton when they commenced their action. It does not, therefore, make out a case in which, on any

principle of justice or policy, the action against the pres- <span style="float:right">PAGE & STIVERS<br>*vs*<br>PRENTICE &<br>WEISINGER.</span> ent defendant should be precluded on the ground of an election to sue the former defendant.

Wherefore, the judgment is reversed and the cause remanded, with directions to sustain the demurrer to the plea, and for further proceedings.

*Pirtle* for plaintiff.    *Guthrie* for defendant.