FRANZ BERNHARDT, Plaintiff in Error, v. J. T. WALLS, Defendant in Error.

Kansas City Court of Appeals, February 6, 1888.

1. STATUTE OF FRAUDS—PRACTICE—PLEADING—RULE WHEN STATUTE NOT PLEADED.—In a suit for the specific performance of a contract subject to the provisions of the statute of frauds, where the defendant in his answer denies the contract, it is not necessary for him to insist upon the statute of frauds as a bar. But the plaintiff, in such case, must produce legal evidence of the existence of the agreement, which cannot be established by parol proof.

2. ———— SHARES OF STOCK ARE INCLUDED IN TERM, GOODS, ETC., OF SECTION 2514, REVISED STATUTES.—Shares of stock are included in the term, goods, wares, and merchandise, used in section 2514 of the Revised Statutes of this state.

3. ———— PERFORMANCE—CHARACTER OF—CASE ADJUDGED.—Where the only performance set up, as in this case, is the purchase of the shares of stock in question here, such performance is preparatory and ancillary to the contract in suit, and was not such performance as to take the contract out of the statute of frauds.

ERROR to Bates Circuit Court, HON. JAMES B. GANTT, Judge.

*Affirmed.*

Statement of case by the court.

This was a suit for the specific performance of a contract. The petition alleged that the defendant was the president and manager of a certain corporation known as The Blue Grass Bitters Company, and was also the owner of a large amount of the capital stock of said

company. The contract was averred in these words: "Plaintiff states that, for the purpose of inducing him (plaintiff) to purchase stock in said concern, the defendant undertook and agreed that if plaintiff would purchase and pay for five hundred dollars of the stock aforesaid, he (defendant) would, at any time plaintiff might become dissatisfied with his said purchase, take the said stock off his (plaintiff's) hands, and pay back to plaintiff the amount so paid by plaintiff therefor; that, relying upon the said agreement and promise of defendant, he purchased and received from defendant, stock in said concern or corporation of the face or par value of five hundred dollars, upon the condition aforesaid, and paid therefor the sum of five hundred dollars."

The answer was a general denial.

The plaintiff introduced evidence tending to prove a verbal contract between plaintiff and defendant, such as alleged in the petition and the purchase of the shares of stock as averred therein.

The court gave for the defendant the following instruction:

"The court instructs the jury that if the jury find and believe, from the evidence, that the plaintiff made an oral or verbal agreement with the defendant, that if plaintiff would subscribe and pay for five hundred dollars of the stock, defendant would, at any time plaintiff might become dissatisfied, take said stock off his hands and pay plaintiff therefor the amount so paid by plaintiff for said stock, and at the time of said contract for said sale and purchase by defendant of plaintiff, no part of said stock was delivered, nor was any money or other valuable thing given in earnest to bind said bargain, or in part payment by defendant, nor said agreement reduced to writing and signed by defendant, then said contract was not, and is not, binding on defendant, and your verdict will be for defendant."

The plaintiff took a non-suit with leave to move to set the same aside, and failing in his motion made for

that purpose, he has brought the case here on a writ of error.

THOMAS J. SMITH and BOGGESS & MOORE, for the plaintiff in error.

I. "Instruction number one should not have been given." (a) Because the statute of frauds is not pleaded by defendant. 1 Chitty's Pleading, side page 743; Bliss' Code Pleading, sec. 352; *Wildbahn v. Roubidoux*, 11 Mo. 660; *Mason v. Pitt*, 21 Mo. 391; *Hook v. Turner*, 22 Mo. 333; *Northrup v. Insurance Co.*, 47 Mo. 435; *Kersey v. Gaston*, 77 Mo. 645; *Musser v. Adler*, 86 Mo. 445. (b) Because even if the statute of frauds had been pleaded, the contract sued on is not within the statute. Browne Statute of Frauds (4 Ed.), sec. 286, p. 342, *et seq.*; *Suggett's Adm'r v. Cassus, Adm'r*, 26 Mo. 221; *Gupton v. Gupton*, 47 Mo. 37; *Self v. Cordell*, 45 Mo. 345; *McConnell v. Brayner*, 63 Mo. 461; *Winters v. Cherry*, 78 Mo. 344.

II. Instruction number two should not have been given, because not authorized by any issue in the case. *Camp v. Heelan*, 43 Mo. 591; *Bank v. Murdock*, 62 Mo. 70; *Hassett v. Rust*, 64 Mo. 325; *Nugent v. Curran*, 77 Mo. 323.

III. The giving of instruction numbered one precluded a recovery by plaintiff, and the non-suit was properly suffered. *Overall, Adm'r, v. Ellis*, 32 Mo. 324; *Martin v. Fewell*, 79 Mo. 401.

FRANCISCO BROS, J. D. PARKINSON, and JOHN T. SMITH, for the defendant in error.

I. The statute of frauds is properly invoked by a general denial in this cause. *Allen v. Richards*, 83 Mo. 55; *Hook v. Turner*, 22 Mo. 333; Bliss' Code Pleading, sec. 352.

II. The cause of action in this case is upon a sale of goods, wares, and merchandise. Benj. on Sales (4 Am. Ed.) secs. 102, 103; 2 Mo. App. 61.

III. The statute of frauds is a complete bar to the plaintiff's alleged cause of action. *Baier v. Robertson*, 19 Mo. App. 66 ; *Lydick v. Holland*, 83 Mo. 703 ; *Williams v. Morris*, 95 U. S. 444 ; Browne on Statute of Frauds (4 Ed.), secs. 117, 118 ; 2 Mo. App. 61.

IV. The tendency of the evidence alone being set out in the bill of exceptions, if, under any state of evidence which could be legally admitted under the pleadings, the instructions might properly have been given, this court will presume the instructions were warranted by the evidence. *Fink v. Regan*, 22 Mo. App. 475 ; *Tatum v. Anderson*, 8 Mo. App. 574 ; *State v. Brown*, 75 Mo. 317 ; *Turley v. Edwards*, 18 Mo. App. 676 ; *Johnson v. Long*, 72 Mo. 210.

V. The giving of instruction number one did not preclude a recovery by plaintiff necessarily and his non-suit was voluntary. *State ex rel. v. Gaddy*, 83 Mo. 138 ; *Koker v. Hayes*, 57 Mo. 329.

## I.

HALL, J.—The counsel for the plaintiff contend, first, that the court erred in giving the instruction for the defendant, for the reason that the statute of frauds was not pleaded by the defendant, the general denial not raising the defence of the statute. The rule on this subject was early stated in this state by Judge Ryland, as follows : " Where the defendant, in his answer, denies the contract, it is not necessary for him to insist upon the statute as a bar." *Wildbahn v. Roubidoux*, 11 Mo. 166. But the plaintiff, in such case, must produce legal evidence of the existence of the agreement, which cannot be established by parol proof. *Hook v. Turner*, 22 Mo. 335. The authority of this case was somewhat shaken by the statements made in subsequent cases. *Gardner v. Armstrong*, 31 Mo. 539 ; *Sherwood v. Saxton*, 63 Mo. 79. And was expressly denied in *Donaldson v.*

*Newman*, 9 Mo. App. 242.   But, in *Springer v. Klein-sorge*, 83 Mo. 156, the cases in this state are reviewed, the apparent conflict between the various decisions of our Supreme Court explained, and shown not to be real, and the rule laid down in *Hook v. Turner, supra*, re-announced ; see, also, *Allen v. Richard*, 83 Mo. 59. This rule must now be regarded as firmly established in this state.

## II.

Shares of stock are included in the term, goods, wares, and merchandise, used in our statute. Rev. Stat., sec. 2514 ; *Fine v. Hornsby*, 2 Mo. App. 61.

## III.

The instruction properly declared the law, unless the defendant is estopped, on the ground that the plaintiff has performed the contract on his part, in whole or in part, from setting up the statute as a defence.   The plaintiff in no wise or part performed the contract unless the purchase of the shares of stock by him be deemed such performance.   Such purchase was preparatory and ancillary to the contract in suit, and was not, therefore, such performance as to take that contract out of the statute of frauds.   *Lydick v. Holland*, 83 Mo. 707.

With the concurrence of the other judges the judgment is affirmed