ZACH J. MITCHELL, Respondent, v. PHILIP A. SHAW, Appellant.

St. Louis Court of Appeals, April 18, 1893.

1. **Justices' Courts:** SPECIAL CONSTABLE: TROVER. A special constable, appointed by a justice of the peace under the provisions of section 6149 of the Revised Statutes, has power to serve an ordinary summons only, and is guilty of trover if he takes property under a writ of replevin.

2. ————: AMENDMENT OF RETURN OF WRIT. Where the same person occupies a dual capacity, he cannot in one capacity amend his return of a writ issued to him in the other. And *held* under this rule, that, where a justice of the peace undertook to appoint a town marshal as special constable to execute a writ of replevin and the person so appointed made a return thereof as such special constable, he should not be permitted to thereafter amend such return so as to show that he had executed the writ as town marshal.

3. **Trover:** EFFECT OF PAYMENT OF JUDGMENT. *Held*, in the course of discussion, that the payment of a judgment in trover vests the title to the chattel converted in the judgment defendant.

*Appeal from the St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*John R. Warfield* and *Henry S. Shaw*, for appellant.

*Zach J. Mitchell*, for respondent.

ROMBAUER, P. J.—The defendant, at the time marshal of the town of Kirkwood, took upon a writ of replevin one buggy, the property of the plaintiff, in Central township, and removed it from there to Kirkwood, which is in Bonhomme township. Both townships are in the county of St. Louis. The writ of replevin was issued by the recorder of the town of

Kirkwood, who *ex officio* is also a justice of the peace. It was directed to the defendant as a special constable under the provisions of section 6149 of the Revised Statutes of 1889, and the justice indorsed thereon: "At the request and wish of the plaintiff, I appoint Philip A. Shaw special constable to execute and replevin (sic) this writ." After the buggy was thus taken, the plaintiff requested its return, and, upon the refusal of the defendant to return it, the plaintiff instituted the present action of trover against him before a justice of the peace.

Upon the trial of the case at bar in the circuit court on appeal, the defendant was permitted, against plaintiff's objections, to amend his return so as to show that he served the writ as town marshal of Kirkwood. The record on that subject contains this recital: "Before the case was called for trial, on motion of defendant and by leave of Justice Jacobi the clause special constable was erased, and amendment by signing it as town Marshal of Kirkwood was allowed against plaintiff's objections to such or any amendment of the return." The trial, which was had before the court, resulted in a judgment for plaintiff, from which the defendant prosecutes this appeal, and he assigns for error that the judgment is erroneous under the conceded facts.

A special constable appointed upon the plaintiff's request under the provisions of section 6149, *supra*, has only power to serve an ordinary summons, and can serve no other writ. The law was otherwise formerly, but the revisors of 1865 have thus limited the power of such an officer, and it has remained thus limited ever since. *Huff v. Alsup*, 64 Mo. 51; *Fletcher v. Wear*, 81 Mo. 524; *Mangold v. Donley*, 89 Mo. 111. The seizure of the buggy by the defendant as special constable was, therefore, unwarranted and an act of trespass.

An argument is made by the appellant that the town marshal of Kirkwood has the powers of an ordinary constable, and may serve writs of any kind throughout St. Louis county. We deem it unnecessary to pass upon the merits of this argument, because it is irrelevant. The writ in this case did not issue to the defendant as town marshal, but as special constable under the provisions of section 6149, *supra*. We must decline to give countenance to the proposition that, where the same person occupies a dual capacity, he may in one capacity amend the return of a writ issued to him in the other. The writ was as ineffectual to protect the defendant after the amendment of the return as it was before, as the amendment was in contemplation of law made by another officer than the one to whom the writ was directed. The amendment was not in conformity with the truth, and hence not in conformity with justice, and should not have been permitted although for the reasons above stated it was harmless. The defendant further contends that to permit this judgment to stand will operate as a great hardship as the replevin suit is still pending, and, if it results in a judgment for the plaintiff, it will show that the plaintiff herein has not been damnified, and, if it results in a judgment for the defendant therein, the plaintiff herein will have a double recovery. Such an argument would be legally inadmissible, even if otherwise tenable. But it is otherwise untenable. The payment of a judgment in trover vests the title to the chattel converted in the defendant.

We are asked to affirm the judgment with damages, but decline to do so. The plaintiff herein has recovered the greatest value which the evidence warranted, and, while there is no merit in the appeal, there is nothing to indicate that it was not taken in good faith.

The judgment is affirmed. All concur.