(80 N. W. Rep. 885.)

---

F. A. GILMAN *vs.* THE TOWNSHIP OF GILBY.

Opinion filed November 2, 1899.

**Principal and Agent—Delivery of Goods—Sale.**

The delivery of goods by a principal to his agent, to be sold by the latter upon commission only, does not amount to a sale to such agent.

**Taking of Money Judgment Not Payment—Waiver.**

The mere taking of a money judgment by a principal against his agent for the value of goods wrongfully withheld by the latter does not alone operate to invest the agent with the title to the property so withheld. Payment of the judgment is necessary.

**Township Warrants Non Negotiable—Judgment No Estoppel Until Paid.**

Defendant purchased two road machines from an Illinois corporation through the latter's agents, and issued a township warrant in payment therefor, payable to such agents. Under the contract between the corporation and its agents, the title to the machines and the order taken therefor was in the former. Said order was transferred to plaintiff for value. Defendant paid the principal directly the amount represented by such warrant. *Held*, that said warrant is subject to the same defenses as in the hands of the original payees. *Held*, further, that the subsequent rendition of a money judgment in favor of the principal against its agents for the value of the road machines in question does not operate to clothe such agents with the title to said machines or the warrant issued in payment for the same, it not appearing that such judgment is paid.

Appeal from District Court, Grand Forks County; *Fisk,* J.

Action by F. A. Gilman against the Township of Gilby. Judgment for defendant, and plaintiff appeals.

Affirmed.

*McDermont & Mayer,* for appellant.

The Western Wheeled Scraper Company treated their transaction with Lytle & Martine as a sale and attached the order in suit by garnishment proceeding, as the property of their agents. This garnishment proceeding is entirely inconsistent with its present claim of title and ownership. *Moline Plow Co.* v. *Rodgers,* 37 N. W. Rep. 111. The judgment roll in the case of the Western Wheeled Scraper Company against Lytle & Martine was admissible in evidence. It is within the exception to the rule that a judgment binds only parties and privies, viz: a former judgment establishing rights and relations between the parties to it, is admissible against a person not a party or privy for the purpose of proving that the plaintiff in the former judgment sustained to the defendant therein the relation established thereby. *Railroad Equipment Co.* v. *Blair,* 39 N. E. Rep. 962; Van Fleet's Former Adjudications, 910-922. Also admissible for the purpose of establishing an estoppel in pais. 2 Van Fleet's Former Adjudications, 914-915. The road machines for which the Gilby Township order was given were sold to Lytle & Martine, and the purchase price of the same reduced to judgment. The scraper company had two methods of redress so inconsistent that the assertion of one involved the negation of the other. *Bank of Beloit* v. *Beal,* 34 N. Y. App. 473; *National Bank of Illinois* v. *National Bank of Emporia,* 45 Pac. Rep. 79; *Thompson* v. *Howard,* 31 Mich. 309; *Riley* v. *Albany Savings Bank,* 43 N. Y. 520; *Kearney, etc., Co.* v. *Ry. Co.,* 66 N. W. Rep. 159; *Compton* v. *Beach,* 25 Atl. Rep. 446; 4 L. R. A. 145; *Nield* v. *Burton,* 22 N. W. Rep. 906; *Fowler* v. *Bowery Sav. Bank,* 113 N. Y. 450; *First Nat. Bank* v. *McKinney,* 66 N. W. Rep. 280; *Bowen* v. *Mandeville,* 95 N. Y. 240; 36 L. R. A. 193; *Spalding* v. *Page,* 1 Saw. 702; *Bank* v. *Adams,* 20 How. Pr. 335, 7 Bosw. 316; Biglow on Estoppel, 562; Pomeroy's Remedies, 110-493, 567-573; *Stuart* v. *Hayden,* 36 U. S. App. 462, 72 Fed. Rep. 402; *Moline Plow Co.* v. *Rodgers,* 37 Pac. Rep. 110; 7 Enc. Pl. & Pr. 364.

*Cochrane & Corliss,* for respondent.

The judgment roll from the Minnesota court in the action against Lytle & Martine was offered in evidence for the sole purpose of showing that the Scraper Company had by virtue of judicial proceedings in Minnesota waived or lost its title to the warrant in suit. It was not offered or received to prove an alleged copy of the contract attached as an exhibit to the complaint in that judgment roll. That judgment is not evidence against this defendant with respect to the existence or terms of a written contract between the Scraper Company and Lytle & Martine. *Tierney* v. *Phoenix Ins. Co.,* 4 N. D. 565-568, 62 N. W. Rep. 642. Even under the written instrument Lytle & Martine did not become the owners of the property shipped them. *Metropolitan Nat. Bank* v. *Benedict Co.,* 74 Fed Rep. 182; *Burton* v. *Goodspeed,* 69 Ill. 237; *Norton* v. *Mellick,* 97 Ia. 564; *Walker* v. *Butterick,* 105 Mass. 237; *National Cordage Co.* v. *Sims,* 44 Neb. 148; *Sturm* v. *Baker,* 150 U. S. 312, 14 S. C.

R. 99; *Lenz* v. *Harrison*, 148 Ill. 598; *Balderstone* v. *National Rubber Co.*, 18 R. I. 338, 27 Atl. Rep. 507; *Barnes Safe & Lock Co.* v. *Blach Bros.*, 38 W. Va. 158, 18 S. E. Rep. 482; *National Bank* v. *Goodyear*, 90 Ga. 711, 16 S. E. Rep. 962; *Melburn Mfg. Co.* v. *Peak*, 89 Tex. 209; *Moline Plow Co.* v. *Rodgers*, 53 Kan. 743. The recovery of judgment in the Minnesota court, in an action for conversion, did not divest the Scraper Company of its title to the property converted or vest the title in the defendant. Until that judgment is paid and satisfied this defense is competent. *Miller* v. *Hyde*, 161 Mass. 472; 42 Am. St. Rep. 434; *Atwater* v. *Tupper*, 45 Conn. 144; *Turner* v. *Brock*, 6 Heisk. 50; *Lovejoy* v. *Murray*, 3 Wall. 1; *Brimsmead* v. *Harrison*, L. R. 7 C. P. 547; *Ex parte Drake*, 5 Ch. D. 866; *Tolman Co.* v. *Waite*, 78 N. W. Rep. 124; *Mitchell* v. *Shaw*, 53 Mo. App. 652; Freeman on Judgments, § 237; 1 Greenl. Ev. § 533, n.; 15 Am. & Eng. Enc. L. 347. The Minnesota judgment cannot operate as an estoppel, because it does not appear upon the face of the judgment record that that court ever adjudicated against the company and in favor of Lytle & Martine as to the ownership of the order in question. *Fahey* v. *Esterly Machine Co.*, 3 N. D. 222, 55 N. W. Rep. 580. The warrant in suit was not a negotiable instrument and therefore the plaintiff obtained no better title thereto than Lytle & Martine from whom he purchased. *Goose River Bank* v. *School Township*, 1 N. D. 26; *Goodwin* v. *Town*, 28 Atl. Rep. 877-885; *West Fidelity L. & S. Co.* v. *Olympia*, 52 Pac. Rep. 1015; 15 Am. & Eng. Enc. L. 1208; *Merrill* v. *Monticello*, 138 U. S. 673.

YOUNG, J. This is an action to recover upon a township warrant issued by the defendant township in payment for two road machines purchased by it from the Western Wheeled Scraper Company through the latter's agents. The warrant bears date June 26, 1893, is for $500, and is payable on its face to Lytle & Martine, who were then the company's agents for the sale of scrapers in this state. The complaint alleges that the warrant in question was transferred for value, and by proper indorsements, first by the payees to William G. Martine, then by the latter to the plaintiff, and that it is unpaid. The defense is that this warrant belonged to the Western Wheeled Scraper Company, and not to its agents, and that the debt represented by it has been paid, and in this connection the answer alleges that it was issued for the purpose of paying that company for the two scrapers purchased from it by the defendant, and that said warrant was made payable to Lytle & Martine solely in reliance upon their representations that they had authority from their principal to receive payment in that form. Further, that in September, 1895, thereafter, the defendant, acting upon assurances that said warrant had been lost, issued another warrant in lieu thereof for the same amount, but payable to the Western Wheeled Scraper Company, and that this last warrant has been paid. The case was tried in the District Court without a jury, and a judgment was ordered

and entered dismissing the action. Plaintiff brings the case here for trial anew.

The facts from which the case is to be determined are practically undisputed. That defendant has paid for the scrapers, as alleged, is conceded. It is also clearly established that the title to all scrapers consigned to Lytle & Martine for sale, as well as the gross proceeds of such sales, in whatever form they might be, was in the Western Wheeled Scraper Company. In fact, it is not claimed by appellant that the transaction between the company and its agents amounted to a sale to the latter, or that Lytle & Martine ever had title to the scrapers sold to the defendant. Such a position would not be tenable under such a contract. *Metropolitan Nat. Bank* v. *Benedict Co.*, 20 C. C. A. 377, 74 Fed. Rep. 182; *Norton* v. *Melick*, 97 Ia. 564, 66 N. W. Rep. 780; *Walker* v. *Butterick*, 105 Mass. 237; *Sturm* v. *Boker*, 150 U. S. 313, 14 Sup. Ct. Rep. 99. It is clear, too, that the warrant in suit is not negotiable in the sense of cutting off defenses which might have been made against the original payee. *Goose River Bank* v. *Willow Lake School Twp.*, 1 N. D. 26, 44 N. W. Rep. 1002. The plaintiff has then only the rights of Lytle & Martine. It has been shown that they had no title either to the scrapers sold or to the proceeds of sales, and hence did not own this warrant although it was taken in their name; and consequently they could transfer no title to it. But it is plaintiff's contention that the company waived and lost its title to both the scrapers and proceeds by taking a judgment against such agents for their value, and that by so doing "the company elected to repudiate any interest or ownership that it may have had in them prior thereto, and forever estopped itself from subsequently claiming them as its own." Upon this contention rests plaintiff's whole case,. In support of this alleged waiver the plaintiff offered in evidence in rebuttal the judgment roll in a case entitled "Western Wheeled Scraper Company vs. James E. Lytle and W. G. Martine and Lytle & Martine," tried in the District Court of Hennepin county, Minn. This was objected to by defendant's counsel as "incompentent, irrelevant, and immaterial, and not being a judgment between the parties to this action. Pursuant to the requirements of section 5630, Rev. Codes, as amended by chapter 5 of the Laws of 1897, under which the case was tried, the same was received into the record and is before us upon the same objection. We find no ruling upon the objection, but it is evident that the trial judge did not consider the judgment at all, or at least gave no weight to it as supporting appellant's contention, for it appears in the records before us that he not only found that the warrant here in suit was not the property of Lytle & Martine, and was the property of the Western Wheeled Scraper Company, but also that said company had never "elected to treat the same as the property of said Lytle & Martine, or estopped itself from claiming title thereto." We think this conclusion of the trial court was correct, and, further, that the judgment roll offered was not admissible in evidence for the purposes for which it was offered, namely, for the purpose of

showing a waiver of or estoppel to assert title to the warrant in question in the Western Wheeled Scraper Company. Plaintiff's position is that in the judgment offered in evidence the Western Wheeled Scraper Company had a money recovery against its agents for the very scrapers for which this warrant was given, and that by taking a money judgment it conclusively waived its claim of ownership; in other words, it cannot have a judgment for the value of the goods not accounted for, and assert title to the proceeds of the sale at the same time. An examination of the papers which constitute the judgment roll discloses that the action was in equity, instituted by the company against its agents for the purpose of obtaining an accounting from them for a large number of machines intrusted to them for sale; also to recover the possession of the specific proceeds of sales made, the warrant here in suit being expressly mentioned; further, to enjoin said agents from disposing of either the machines or proceeds, including this warrant. It appears that such an enjoining order was issued; further, that a receiver was appointed to recover the company's property, and that a large number of machines were taken possession of by the receivers, and delivered to the company, under the order of the court; also that the court found that the title to all property intrusted to said agents, as well as the title to the proceeds, including the warrant in question, was in the company; but this warrant did not come into the hands of the receiver. Thereafter an accounting was made by the court in accordance with the terms of the contract between the company and Lytle & Martine, and a money judgment rendered against the latter for the value of such goods as they had failed to account for, and which the receiver had failed to obtain possession of. Plaintiff contends, too, that by taking this judgment the company elected to treat the transaction as a sale to the agents. We think not. It appears from the papers offered that the company continually asserted its title to the property in question, and was then invoking the aid of the court to secure its possession; further, that the judgment rendered was no more than a judgment for the value of the property wrongfully withheld by the agents. It certainly is not different from a judgment in conversion, and it is well settled by the great weight of modern authority that a judgment for the conversion of property does not operate to extinguish the owner's title to the property converted, and vest it in the wrongdoer. The common-law rule was undoubtedly the other way, but that was based upon the certainty of redress afforded by that remedy which could then be enforced by the imprisonment of the debtor's person. It is probable that the present inadequacy of an ordinary judgment and its emptiness as a remedy has contributed to the change in the rule, but, at any rate, the doctrine is well settled now that a judgment for conversion does not bar the right to assert title to the property converted, and that the bar arises only upon payment of the judgment. *Lovejoy v. Murray,* 3 Wall. 1; *Hep-*

*burn* v. *Sewell,* 9 Am. Dec. 512; *Smith* v. *Smith,* 50 N. H. 212; *McReady* v. *Rogers,* 1 Neb. 124; *Hyde* v. *Noble,* 13 N. H. 494; *Mitchell* v. *Shaw,* 53 Mo. App. 652; *Miller* v. *Hyde,* 161 Mass. 472, 37 N. E. Rep. 760; *Sharp* v. *Gray,* 5 B. Mon. 4; *Morgan* v. *Chester,* 4 Conn. 387; 1 Greenl. Ev. § 533; 1 Freem. Judgm. § 237; 15 Am. & Eng. Enc. L. 347. The judgment offered in evidence showed that it was wholly unsatisfied. It was not admissible, therefore, to show a waiver of title,—the only purpose for which it was offered. It developed upon the cross-examination of the plaintiff that legal steps of some nature to get possession of the warrant were taken by the company while it was lodged in one of the banks of Minneapolis. Just what they were we cannot determine, as the evidence is very obscure on that point, but it seems that they were auxiliary to the main action wherein the judgment was rendered to which we have referred. They need not, therefore, be separately discussed. The judgment of the District Court is affirmed. All concur.