STATE ex rel. D. L. RUSSELL, Appellant, v. ROBERT E.
HENDRICKS et al., Respondents.

**St. Louis Court of Appeals, April 23, 1901.**

1. **Bond, Constable's:** SUIT ON. The executions were not directed
to Hendricks, the constable of a different township, nor was he the
deputy of Wintz, the constable; and Hendricks, in making the sale,
acted without authority and the sale was absolutely void, which
makes this action not maintainable against the sureties on his of-
ficial bond.

2. ———: ———: APPELLANT'S REMEDY. Appellant's right of
action, if any he has, is against Hendricks for the wrongful taking
and conversion of his property. He was not acting in the discharge
of any official duty, nor under any process directed to him on which
he could, in whole or in part, execute as constable.

Appeal from New Madrid Circuit Court.—*Hon. Henry C.
Riley,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

D. L. Russell, plaintiff, was the owner of the Russell Store
Company in New Madrid county. Lemon, Gregory & Co. and
M. Gavin & Co. recovered, each, a judgment against him
before a justice of the peace of Leseur township in New Mad-
rid county. Executions were issued on each of the judgments
and directed to A. H. Wintz, constable of Leseur township,
who levied upon some wagons, mules and other personal prop-
erty as the property of D. L. Russell and advertised the same for
sale on February 2, 1897. Russell was at the time a member

State ex rel. v. Hendricks.

of the General Assembly and was at Jefferson City. He had notice of the levy and advertisement of sale and procured his attorney at New Madrid to claim for him, his statutory exemptions. On the day the property was advertised for sale, Wintz, the constable, had business elsewhere and gave R. E. Hendricks, constable of another township, the executions and a written order to sell the property levied on. Hendricks, in company with Conran, the attorney of the execution plaintiffs, went to Russell's farm, where the property was, and between the hours of 9 and 10 a. m., Hendricks went through the form of auctioning off the property—all of which was bid in by Conran (his bids aggregated $163)—but no money was paid to Hendricks nor Wintz and no credit was given on either of the executions, both of which were returned *nulla bona*. After his purchase of the property, Conran placed it in charge of one Ellis, having charge of Russell's farm, to keep and feed for him, and paid him for doing so. At the sale, Conran stated that the property was mortgaged. He was the only bidder. The property sold was worth from $600 to $800. Russell arrived in New Madrid the evening before the sale and on the morning of the day of the sale, started to his farm in company with his attorney with a view of arriving there before the sale and making a formal demand of his statutory exemptions. He had proceeded on his way, however, but a few miles when he met Hendricks and Conran, between 9 and 10 o'clock a. m., returning from the sale, who informed him that the sale was over. The suit is against Hendricks and his sureties on his official bond as constable, to recover damages for the refusal of Hendricks to allow and to set off to plaintiff his statutory exemptions and for his failure to apprise plaintiff of his right to claim his exemptions. The answer was substantially a general denial and an averment that prior to the sale Russell

had transferred all of the property sold on the execution to J. M. Robbins.   The reply admitted a bill of sale of the property to Robbins in the nature of a mortgage to secure a pre-existing debt, but alleged that Robbins had refused to accept the bill of sale.   There was evidence tending to prove the non-acceptance by Robbins of the bill of sale.   Conran testified that he did not get title to the property under the execution sale, that Robbins claimed it under the bill of sale and that he had to purchase from him in order to get title.   For plaintiff, the court gave the following instructions.

"The court instructs you, gentlemen of the jury, that if you believe that in Februarry, 1897, D. L. Russell was the owner of five mules, two young horses, two wagons, and a lot of clover hay, and you further believe that Robert Hendricks, as constable, sold said property on the second of February, 1897, to James Conran, under the two executions offered in evidence, and on the request of Ham Wintz, and that D. L. Russell was by means thereof deprived of his property, then your verdict should be for the plaintiff.

"If you find for the plaintiff, your verdict should state that you find that defendant committed breaches of his bond; and you should find and state what damages plaintiff has sustained by reason thereof, which should be the fair cash value of such property at the time of sale, which you find belonged to Russell and was sold to Conran by Hendricks, not to exceed the amount sued for."

And for defendant the following:

"The court instructs you that if you believe from the evidence that the defendant, Hendricks, in the selling of the property sued for was not acting nor claiming to act in his official capacity as constable of New Madrid township, then you are instructed that the sureties on his bond sued on are not liable."

Verdict and judgment for defendants. Plaintiff appealed.

*Dodge & Mulvihill* for appellant.

(1) Hendricks, under the circumstances, was not a special deputy constable, for they have authority only to serve an ordinary summons. R. S. 1899, sec. 3863; Mitchell v. Shaw, 53 Mo. App. 652. (2) It is the duty of a constable to notify defendant debtor of his exemption rights, and to set off same, and if he fail so to do, he and his sureties will be liable. R. S. 1899, sec. 3163; State ex rel. v. Romer; State to use v. Barada, 57 Mo. 562; Buck v. Ball, 58 S. W. Rep. 468; State v. O'Neill, 78 Mo. App. 20.

BLAND, P. J.—The executions were not directed to Hendricks, but to Wintz. Hendricks was not the deputy of Wintz in making the sale. The executions furnished him no more authority to make the sale than would have a blank piece of paper. He was but a trespasser acting without the semblance of authority and the pretended sale made by him in the absence of Wintz was absolutely null and void and appellant's rights in and to the property was not in the least affected by the pretended sale. Appellant's right of action, if any he has, is for the wrongful taking and conversion of his property. Hendricks was not acting in the discharge of any official duty, nor under any process directed to him on which he could in whole or part execute as constable, hence, this action can not be maintained on his official bond.

Judgment affirmed. All concur.