JOHN W. ADAMS, APPELLANT, v. N. B. STOCKTON, ET AL., RESPONDENT.
—151 S. W. (2d) 127.

Kansas City Court of Appeals. April 7, 1941.

*H, K. Bente* and *Fred A. Benz* for appellant.

*F. M. Brady* and *Edwin F. Brady* for respondents.

BLAND, J.—This is an action for trespass. The court sustained the demurrers to the evidence offered by the defendants, N. B. Stockton and Mary Randall and, as no complaint is made in plaintiff's motion for a new trial of the court's action in this regard, we may treat those defendants as no longer in the case, as far as concerns this appeal.

The jury returned a verdict in favor of the defendants, Eaton and Miesner. Plaintiff has appealed.

The defendant, Mary M. Ransdall, was the owner of a house and lot in Ionia, Benton County. Plaintiff herein was her tenant. She

filed, in the court of the defendant, N. B. Stockton, a justice of the peace, a landlord's complaint against the plaintiff herein, under section 2994, Revised Statutes 1939, for rent and the possession of the property.

The defendant, Harrison Eaton, was the sheriff of Benton County, and Louis J. Miesner was his deputy. Summons was duly issued by Justice Stockton and it was executed by the defendant, Miesner, the return showing that he executed the writ by reading it to Adams, the defendant therein, plaintiff herein, and giving him a copy of the summons. The return was signed "Louis J. Miesner, deputy sheriff." Adams failed to appear and judgment was rendered against him by default.

A writ of restitution was issued by the justice directed to the "Sheriff of Benton County, or Constable of North White Township." The writ was executed by the sheriff and, with the assistance of his deputy, Miesner, Adams and his goods were removed from the premises by the sheriff and his deputy, over his objections and protests.

The petition, in the present suit, alleges that plaintiff was in the exclusive possession of the property in question and that defendants "with mutual disregard of plaintiff's . . . rights, . . . without just cause did . . . join and engage in a mutual collusion and agreement, and in the furtherance (thereof) wilfully and without plaintiff's consent, but over his objections, did forcibly trespass upon and into said private property and premises, and so did evict and dispossess said plaintiff, his family and his household goods so therein kept and used." There are various items of damages alleged in the petition.

The answer of defendant, Eaton, consists of a general denial. It also alleged that he was the sheriff of Benton County, and that the acts done in evicting plaintiff from the premises in question were done under and by virtue of the authority of the writ of restitution in question.

The answer of defendant, Miesner, consists of a general denial. It further alleged that he was a deputy sheriff of Benton County, and that the acts done and performed by him in evicting plaintiff from the premises were done in assisting the sheriff under and by virtue of the writ of restitution in question.

Plaintiff did not attack defendants' pleadings in the court below but now insists that the allegations of each of the answers of Eaton and Miesner are self destructive and are of no effect, because they consist of denials of the charges contained in the petition, combined with pleas of justification of the charges which, it is claimed, is not permitted under the code of civil procedure. We think there is no merit in this contention. [Field v. National City Bank of St. Louis, 121 S. W. (2d) 769, 774; Mitchell v. St. Louis Smelting & Refg. Co., 215 S. W. 506.]

Plaintiff insists that the court erred in permitting defendant to introduce in evidence the landlord's complaint, the summons issued by the justice, and the return thereto, the docket of the justice in the case, the writ of restitution and the return thereto.

We think that the court erred in permitting the introduction in evidence of the writ of restitution and the return. Under the provisions of Section 2996, Revised Statutes 1939, the writ of restitution should have been issued solely to the constable and not to the sheriff. The sheriff had no authority to execute the writ and it affords no justification for his acts under it. One who seeks to justify his acts by a claim that he acted under legal process must show that he was authorized to execute it. [57 C. J., p. 909; Mitchell v. Shaw, 53 Mo. App. 652; Barley v. Tipton, 29 Mo. App. 206; State ex rel. v. Hendricks, 88 Mo. App. 560; State ex rel. v. Rainey, 99 Mo. App. 218, 229; Owls Nest v. Haines, 189 Mo. App. 433, 436; 57 C. J., pp. 907, 908.]

However, the sheriff and his deputy attempt to justify their acts under the provisions of Section 13138, R. S. 1939, providing that "every sheriff shall . . . execute all process directed to him by legal authority, including writs of replevin, attachments and *final process issued by the justice of the peace.* (Italics ours.)

We think that this statute has no application. The landlord and tenant act provides for the proceedings applicable to all actions brought under it. It constitutes a special and preclusive code and such a proceeding is not to be determined by general statutory provisions. [State ex rel. v. Allen, 45 Mo. App. 551, 565; Realty Co. v. Kelly, 278 Mo. 450, 467.]

The judgment is reversed and the cause remanded. All concur.